Lakeith L. McCoy # G-67361
California Correctional Institution HA-18-104
P.O. Box 1031
Tehachapi, CA. 93581
Plaintiff Pro Se

RECEIVED
NOV 08 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

FILED
NOV 0 8 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH LEROY MCCOY,<br>Plaintiff,<br><br>vs.<br><br>J. RAMIREZ, A.C. LITTLE, R. CURLISS, DONNAHUE, C. RILEY, MORGAN, MULLINS, K. HOLLAND, K. ALLEN, K. CAMPBELL, JOHN DOE 1, JOHN DOE 2, CALIFORNIA CORRECTIONAL INSTITUTION, E. COONTZ, J. GUTIERREZ,<br>Individually and in their official capacities<br>Defendants. | Civil Action No.:<br>1:13 CV - 0 1 8 0 8 MJS - FC<br><br>Civil Rights Complaint<br><br>Pursuant to 42 U.S.C. § 1983 and The Civil Rights of Institutionalized Persons Act 42 U.S.C. § 1997 |

## I. JURISDICTION & VENUE

1. This is a civil action for a preliminary and permanent injunction, amongst other relief, preventing Defendants from continuing to violate Plaintiff's rights while acting under color of state law.

2. This action is authorized by The Civil Rights of Institutionalized Persons Act 42 U.S.C. § 1997 et. seq., and 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the United States. This Court has jurisdiction under

1



28 U.S.C. §§ 1331 and 1343(a)(3). Plaintiff McCoy seeks injunctive relief pursuant to 28 U.S.C. §§ 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure. This Courts has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367.

3. The Eastern District of California is an appropriate venue under 28 U.S.C. §1391(b)(2) because it is where the events giving rise to this occurred.

## II. PLAINTIFF

4. Plaintiff McCoy, is and was at all times mentioned herein this complaints a prisoner of the State of California in the county of Kern in the custody of California Department of Corrections and Rehabilitation. He is currently confined in California Correctional Institution, in Tehachapi, California.

## III. DEFENDANTS

5. Defendants J. Ramirez, A.C. Little, R. Curliss, C. Riley, Morgan, Mullins, Donnahue, John Doe 1, and John Doe 2 are correctional officers at the California Correctional Institution who, at all times mentioned in this complaint, held the rank of prison guard and was responsible for the care of inmates in the housing units.

6. Defendant Kim Holland is the warden at California Correctional Institution. She is legally responsible for the operations of the prison and for enforcing, implementing and/or administering policies and procedures.

7. Defendant K. Allen is a correctional officer at California Correctional Institution, who mentioned in this complaint, held the rank of facility

2

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

Captain and was responsible for prison guards below the level of Captain and responsible for oversight of the facility where plaintiff was housed.

8. Defendants K. Campbell is a correctional officer at California Correctional Institution, who at all times mentioned in this complaints, held the rank of Sergeant and was legally responsible for supervising the conducts of subordinate prison staff and prison inmates.

9. Defendant California Correctional Institution is the Prison in which the complained of Conduct is and was taking place throughout every unit, facility, etc. where Plaintiff is being housed.

10. Defendants E. Coontz is a correctional officer at California Correctional Institution, who mentioned in this complaint, held the rank of Lieutenant and was responsible for subordinate prison guards.

11. Defendants J. Gutierrez is the associate warden at California Correctional Institution who was and is partially responsible for the operations at the prison including, but not limited to, oversight of the disciplinary proceedings, and staff disciplinary proceedings.

12. All the individuals named as Defendants shall hereinafter be refferred to collectively as "Defendants(s)" which term shall be used to mean Defendants(s) and each of them, unless otherwise specified.

13. Defendants and each of them are, and at times mentioned herein have been, the officers, agents, employers, of one another, and in doing the acts and maintaining the conditions herein complained of, are and have been acting in concert and within the scope and course of said agency and employments.

3

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

14. In doing all the acts and omissions, and in maintaining the conditions, herein described, defendants, and each of them, separately and in concert, have been and are acting under color of the statutes, ordinances, regulations, customs, and usages of the State of California and County of Kern. Said acts and omissions were committed and conditions were maintained by Defendants personally and through actions of their agents and subordinates.

## IV. FACTS

15. Before Plaintiff begins with the facts of this case, it should be noted that Plaintiff had a laundry list of evidence containing approximately four pages of documenting Defendant's activities, but it was confiscated on October 26, 2013 by Defendants John Doe #1 and John Doe #2. Now Plaintiff is left memorizing the most important events that led to the filing of this complaint.

16. On July 10, 2013, while being escorted back from the law library, Correctional Officer, Defendant, J. Ramirez physically assaulted Plaintiff by attempting to plow him into two doors.[1]

17. His reasoning was because Plaintiff had an attitude with his partner, Defendant Mullins and he was suing correctional officer S. Caccida (case number 1:13-cv-0095-LJO-SKO (PC)).[2]

18. Plaintiff explained to Defendants Ramirez and Mullins he didn't want any problems.

---

[1] Due to the confiscation of Plaintiff's documents the dates and/or times may not be accurate. Some dates are impossible to re-construct.

[2] Plaintiff sent a Declaration to this Court in case number 1:13-cv-0095-LJO-SKO (PC) soon thereafter.

4

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

19. Throughout the entire time of the altercation, Defendants Mullins did nothing to stop or calm Defendant J. Ramirez.

20. Plaintiff was told after going into his cell by Defendants Ramirez, "the next time you come outs, I'm going to fuck you up!"

21. Plaintiff received an abrasion on his left arm approximately 3/4 inches wide and 4 inches long and to date, Plaintiff has wrist pains and an annoying popping in his wrist that occurs on just about every movements.

22. That night Plaintiff submitted documentation to Defendants Allen and Campbell to address this issue because he tried to verbally notify Correctional officer Morley who told him he would not be taking any action.

23. On July 11, 2013, Plaintiff received a video-interview regarding the incident by Defendant Campbell and correctional Lieutenant Dailo.

24. On July 12, 2013, Plaintiff and his cell-mate went to yard.

25. Upon returning from yard, Plaintiff's cell had been ransacked, trial transcripts were missing, food was taken, and hygiene was taken.

26. At that time, Plaintiff was told that A.C. Little and J. Ramirez had searched his cell by his neighbors, both whose last name is Aronda and inmate Orenus who was in cell 102.

27. Plaintiff told Defendants Little that he knew who had been in the cell, and to provide him with a cell-search slip and give him his property back.

28. Defendant Little said, "you won't get your food because you're on

5

1   a hunger strike.'"
2   29. Plaintiff explained that he wasn't, but to no avail.
3   30. When Defendant Little returned with the cell-search slip, he
4   excluded Defendant Ramirez's name.
5   31. At that time, Defendant Campbell was coming to continue the inve-
6   stigation into the staff assault by Defendant Ramirez.
7   32. Plaintiff and his cell-mate were pulled out of the cell and ex-
8   plained the events that occurred.
9   33. Defendant Campbell stated that Defendants Ramirez and Little said
10  they were threatened by Plaintiff and for that reason, he was moving
11  him.
12  34. Plaintiff received the names and booking numbers of both inmates
13  Aranda to use as witnesses; however, upon being transported to
14  the new unit, Defendant Ramirez ripped through Plaintiff's belon-
15  gings and stole that information.
16  35. When Plaintiff and his cell-mate arrived in the new unit, they
17  were placed in a holding cage.
18  36. Defendants Curliss, Morgan, Donnahue, Little, Ramirez, and another
19  unknown correctional officer all began conversing in their office.
20  37. When they were finished, Defendants Curliss, Morgan, Donnahue,
21  and the unknown correctional officer approached the cages that
22  Plaintiff and his cell-mate were in.
23  38. Plaintiff was asked by Defendant Curliss, "what happened in that
24  last building?"

6

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

39. Plaintiff explained to Defendant Curliss that he didn't want to talk about it, he just wanted to be placed in the cell.

40. Plaintiff eventually told Defendant Curliss that it was just a misunderstanding.

41. At that time, Defendant Curliss told Plaintiff that if he came to his building pushing paperwork (writing grievances, complaints, etc.), they would come in the cell and get crackin', meaning assault Plaintiff and his cell-mate.

42. Plaintiff then sent a detailed inquiry about all the activities stated in this complaint thus far to the Office of Internal Affairs, along with numerous grievances.

43. On August 23, 2013 Plaintiff was interviewed by Lt. Dailo regarding that complaint.

44. On August 24, 2013 while Plaintiff and his cell-mate were in the shower, Defendants Curliss and Donnahue went into his cell and performed what they stated was a cell search.

45. After arriving back in the cell, Defendants Donnahue and Curliss had taken Plaintiff's deodorant.

46. Defendant Curliss arrived back at the cell with a cell-search slip stating that the cell had been searched by him and Defendant Morgan.[3]

47. Immediately thereafter, Plaintiff prepared a Staff Complaint regarding

---

3. Defendant Morgan stood by Defendant Curlisses side the entire time without any objection.

7

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

this issue and mailed it to Internal Affairs so they could mail it back to the prison's appeal coordinators; however, this complaint along with supporting documents never got addressed and was never documented on the prison's mail log.

48. On September 6, 2013, I was taken to the Chow Hall to speak with Defendant Coontz regarding being threatened by Defendant Curliss.

49. Defendant Coontz explained my complaint was just allegations.

50. At that time I explained to him that I would like someone else to investigate that matter because he seemed to already have appearred with a preconceived state of mind that he wasn't going to find any staff misconduct.

51. Plaintiff explained this to Defendant Coontz, who responded by saying that wouldn't happen.

52. Plaintiff explained to Defendant Coontz that his cell-mate witnessed the threats.

53. Defendants Coontz explained he wasn't talking to any inmate witnesses who've had a chance to "doctor up" their stories and he would only talk to the some staff I'm complaining against because they are under oath and have no reason to lie.

54. On September 6, 2013, while in the chow hall, I was served with a rules violation report authored by Defendant Curliss who stated I destroyed state property.[4]

8

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

55. After leaving the chow hall, I was escorted by Defendant John Doe #1 back to my cell.

56. While walking past the guard's office, Defendant Curliss stopped him and tried handing me a confidential inquiry regarding my Internal Affairs Investigation which went into great detail and was opened up and was forwarded to me by Defendant Gutierrez.

57. I told him that was legal mail and I never signed for it.

58. Defendant John Doe #1 grabbed the letter and forced it into my hand.

59. I initially asked for an Investigative Employee regarding my rules violation report.

60. On September 12, 2013 Defendant Riley came to serve as my Investigative Employee.

61. I told him that I was rejecting him as such and refused to speak with him.

62. Defendants Riley informed Plaintiff to write down his objections and he would be back to pick them up; however, he never returned.

63. Plaintiff mailed the objections to Defendant Allen that night through the institution's mail system.

64. Plaintiff never received a response.

65. On September 23, 2013, Plaintiff received a report from Defendant Riley stating that he never objected to him being his Investigative Employee.

4. It should be noted that there was no photos taken or any other documentary evidence provided to substantiate his claims.

9

66. The entire report had been fabricated.

67. On September 26, 2013, Defendants Curliss told Plaintiff that he had a disciplinary hearing.

68. Plaintiff explained to Defendant Curliss and Correctional Officer Carrillo that he wouldn't be making a personal appearance, but would be providing a written statement.

69. Correctional Officer Carrillo returned with a yellow abstentia chrono for Plaintiff to sign and informed him that Defendant Coontz would not take the written statement.

70. Plaintiff signed the abstentia chrono, but to document the misconducts, stated on the chrono that Defendant Riley had fabricated his reports on the chrono.

71. A short while later, Defendant Coontz came to Plaintiff's cell and asked why he did not want to come out.

72. Plaintiff provided Defendant Coontz with his written statement which was rejected by Def. Coontz because he stated, these issues in the statements were staff complaint issues which were already addressed.

73. Plaintiff walked away from the door.

74. On September 27, 2013, Plaintiff and his cell-mate were taken out of their cell and Plaintiff's T.V. was taken by correctional officers Avalos and Francisco and an unknown guard. (No cell-search slip provided).

75. On October 18, 2013, Plaintiff received the findings from the disciplinary hearing which was authored by Defendant Coontz, reviewed

10

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

by Defendant Allen, and signed off by Defendants Gutierrez.

76. On Thursday, September 26, 2013, Plaintiff mailed a letter to Defendants Holland regarding all the misconducts that ensued as a result of the disciplinary process.

77. Regarding that incident, Plaintiff was interviewed by Lieutenant Wedertz on an unknown date, but was told these are just allegations, and this is what happens when you go around writing everybody up.

78. On October 15, 2013, Plaintiff's cell was again searched by Defendant Corliss and ransacked. (He provided no cell-search slip).

79. On October 26, 2013, while Plaintiff and his cell-mate were in the shower, Defendants John Doe #1 and John Doe #2 entered Plaintiff's cell.

80. Defendant John Doe #1 had his shank-proof vest covering his name tag.

81. Plaintiff's cell-mate witnessed Defendant John Doe #1 place items in his pocket while Defendants John Doe #2 watched.

82. When Plaintiff arrived back at his cell, his discovery to a criminal case was missing pages, his Pitchess motion was missing pages, and his detailed log of all the activities that are, and have been occurring were missing. Also this log detailed every piece of legal mail that was sent out by Plaintiff and what time and prison guard it was given to. (No cell-search slip was provided).

83. On October 28, 2013, at approximately 10:30 P.M. while sending out legal mail, Plaintiff was told by correctional officer M. Olsen that he could no longer send mail with the building staff.

11


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

84. Plaintiff asserts there were more instances of civil rights violations including more potential Defendants but due to the fact that his log was taken, he cannot re-construct those events or people or time from just memory.

## V. EXHAUSTION OF LEGAL REMEDIES

85. Plaintiff McCoy has used the grievance system available at the California Correctional Institution to try and solve the problem and has also used other methods such as contacting Internal Affairs.

86. Plaintiff submitted a staff complaint regarding the staff assault and was interviewed. On October 28, 2013 Plaintiff received a denial back from the second level and will send it to the third level for review which will more likely than not uphold the second level's decision. Plaintiff submitted a staff complaint regarding the threats by Defendant Curliss and was interviewed but never received any update or documentation back. Plaintiff submitted an appeal regarding the cell-search by Defendants Little and Ramirez and received an interview, but never received any update or documentation back. Plaintiff submitted a 602 regarding being handed what should have been legal mail from Defendant Gutierrez. That was immediately after that incident. Plaintiff never received any response. Plaintiff submitted a staff complaint regarding Defendants Donnahue and Curliss searching the cell and fabricating the report. Plaintiff received no response. Plaintiff submitted a staff complaint on Defendant Riley for fabricating his report and one on Defendant Coontz for fabricating his report and

12

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

violating his procedural due process. Plaintiff has not received a response back.

87. It has become apparent that the grievance system implemented at Defendant California Correctional Institutional is a failure and does nothing more than burden inmates and contribute to their civil rights violations.

## VI. LEGAL CLAIMS

88. Plaintiff realleges and incorporates by reference paragraphs 1-88, inclusive.

89. By using EXCESSIVE FORCE on Plaintiff, Defendant Ramirez violated his right to be free from cruel and unusual punishments as guaranteed by the Eighth Amendment to the United States Constitution. Defendant Ramirez's actions caused Plaintiff to suffer physical injury in the form of an abrasion on his left forearm, chronic wrist pain, and popping of the wrist which hasn't yet been pinpointed.

90. By searching Plaintiff's cell on numerous occasions, Defendants Ramirez, Little, Curliss, Donnahue, John Doe #1, and John Doe #2, RETALIATED against Plaintiff for filing inmate grievances, thus violating his First Amendment right to petition the government for a redress of grievances and his rights as guaranteed by The Civil Rights of Institutionalized Persons Act. Defendants' actions have notably "chilled" Plaintiff's First Amendment rights and subjected him to a loss of comforts.

91. By unlawfully confiscating Plaintiff's property during a retaliatory cell-search, Defendants Ramirez, Little, Curliss, Donnahue, John Doe #1, and John Doe #2, violated Plaintiff's Fourth Amendment right to be secure from unreasonable searches and seizures.

13

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

92. By FAILING TO INTERVENE when EXCESSIVE FORCE was used against Plaintiff, Defendant Mullins violated Plaintiff's right to be free from cruel and unusual punishments as guaranteed by the Eighth Amendment to the United States Constitution. His actions allowed Plaintiff to be subjected to an abrasion on his left forearm, chronic wrist pain, and popping of the wrist which hasn't been pinpointed.

93. By threatening Plaintiff with physical violence for exercising his right to seek redress from the prison through use of the prison grievance system, Defendant Curliss is RETALIATING against Plaintiff McCoy unlawfully, in violation of Plaintiff's rights under the First Amendment to the United States Constitution. These illegal actions are causing Plaintiff injury to his First Amendment rights and his First Amendment rights to be chilled.

94. By FAILING TO INTERVENE when the cell search slip was presented with his name on it, Defendant Morgan acquiesced to RETALIATION against Plaintiff for filing appeals, thus violating his First Amendment right to petition the government for a redress of grievances. Defendant's actions have notably "chilled" Plaintiff's First Amendment rights and subjected him to a string of loss of comfort.

95. By giving Plaintiff a false rules violation report, Defendant Curliss RETALIATED against Plaintiff in violation of his First Amendment right to petition the government for redress of grievances and his Due Process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and his rights as guaranteed by The Civil Rights of Institutionalized

14

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

Persons Act. Defendant Curlisses actions caused Plaintiff to suffer a loss of comfort, injury to his First Amendment Rights, and have notably "chilled" his First Amendment rights.

96. By giving Plaintiff a false write-up, fabricating reports, finding Plaintiff guilty and being partial, Defendants Curliss, Morgon, Riley, Gutierrez, Coontz, and Allen collectively denied Plaintiff PROCEDURAL DUE PROCESS in violation of his right to Due Process of Law as guaranteed by the Fourteenth Amendment to the United States Constitution. Also Defendants violated Plaintiff's rights as guaranteed by The Civil Rights of Institutionalized Persons Act. As a result Plaintiff suffered loss of comfort, credit loss, and emotional injury.

97. By moving Plaintiff after his cell was searched by Defendants Little and Ramirez, Defendant K. Campbell RETALIATED against Plaintiff McCoy, thus violating his First Amendment right to petition the government for a redress of grievances. These actions are causing Plaintiff injury to his First Amendment rights, causing his First Amendment rights to be "chilled," and loss of comfort.

98. Defendants Gutierrez, by allowing Defendant Curless to view a confidential inquiry, FAILED TO PROTECT Plaintiff in violation of Plaintiff's rights against cruel and unusual punishments as guaranteed by the Eighth Amendment to the United States Constitution.

99. Defendants Holland FAILED TO PROTECT Plaintiff from subordinate's actions by failing to correct the problem thus violating Plaintiffs' rights

- 15

against cruel and unusual punishment as guaranteed by the Eighth Amendment to the United States Constitution.

100. By Plaintiff not effectively being able to use the inmate grievance system, Defendant California Correctional Institution is violating Plaintiff's rights as guaranteed by the Civil Rights of Institutionalized Persons Act and his First Amendment right to petition the government for a redress of grievance.

101. All Defendants, equally and on one accord are engaging in a full-scale CAMPAIGN HARRASSMENT against Plaintiff.

## VII. STATE LAW CLAIMS

102. Defendant Curliss violated Plaintiff's Personal Rights under California Civil Code § 52.1 by THREATENING him.

103. By not giving Plaintiff his final copy to his rules violation report, within five days, after conclusion of the disciplinary proceedings, Defendants Allen, Coontz, and Gutierrez violated Plaintiff's rights as guaranteed by California Code of Regulations Section 3320(i).

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgement:

104. A temporary injunction and temporary restraining order preventing Defendants from continuing to engage in the acts complained of in this complaint;

105. A temporary injunction and temporary restraining order implementing an effective appeal system;

16

106. A permanent injunction prohibiting the Defendants from ever carrying out these activities;

107. Granting Plaintiff compensatory damages in the amount of $250,000.00 against each Defendants, jointly and severally;

108. Granting Plaintiff McCoy punitive damages in the amount of $500,000.00 against each Defendant, jointly and severally;

109. Plaintiff seeks recovery of the cost in this suit;

110. That the Court retain jurisdiction over Defendants until such time that the Courts is satisfied that the practices, policies, acts and omissions alleged herein no longer exist and will not reoccur;

111. Any additional relief this Court deems just, proper, and equitable;

112. Also I am requesting that the U.S. Attorney General investigate this matter.

## IX. VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed on: November 1, 2013

Respectfully Submitted,

LaKeith McCoy
LaKeith McCoy
Plaintiff Pro Se

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH LEROY MCCOY,<br>    Plaintiff,<br>vs.<br>J. RAMIREZ, A.C. LITTLE, R. CURLISS, DONNAHUE, C. RILEY, MORGAN, MULLINS, K. HOLLAND, K. ALLEN, K. CAMPBELL, JOHN DOE 1, JOHN DOE 2, CALIFORNIA CORRECTIONAL INSTITUTION, E. COONTZ, J. GUTTIERREZ,<br>Individually and in their official capacities<br>    Defendants. | Civil Action No.:<br><br>SUMMONS |

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to serve upon Plaintiff(s), whose address is: LaKeith L. McCoy #G-67351; California Correctional Institution 4A-1A-104; P.O. Box 1031; Tehachapi, CA. 93581 an Answer to the complaint which is herewith served upon you, exclusive of the day of service, within 20 days after service of this summons upon you. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Date:

_____
Clerk of the Court

_____
Deputy Clerk of the Court


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

LAKEITH LEROY MCCOY,

        Plaintiff,

v.

        **Case Number:**

J. RAMIREZ, et. al.,

        Defendants.

        **PROOF OF SERVICE**

I hereby certify that on _NOVEMBER 4, 2013_, I served a copy

of the attached _FEDERAL CIVIL RIGHTS COMPLAINT_,

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at

_California Correctional Institution_ :

(List Name and Address of Each
Defendant or Attorney Served)

UNITED STATES DISTRICT COURT
Eastern District of California
Clerk of the Court
2500 Tulare Street, Room 1501
Fresno, California 93721

I declare under penalty of perjury that the foregoing is true and correct.

_Lakeith McCoy_

(Signature of Person Completing Service)