1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH LEROY MCCOY,<br><br>        Plaintiff,<br><br>    v.<br><br>J. RAMIREZ, et al.,<br><br>        Defendants. | Case No.  1:13-cv-01808-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**ORDER DENYING AS MOOT MOTION FOR INJUNCTIVE RELIEF**<br><br>**(ECF No. 8)**<br><br>**AMENDED PLEADING DUE IN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Before the Court are Plaintiff's (1) Complaint for screening, (2) Motion for Injunction.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon

1  which relief may be granted, or that seek monetary relief from a defendant who is

2  immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or

3  any portion thereof, that may have been paid, the court shall dismiss the case at any

4  time if the court determines that . . . the action or appeal . . . fails to state a claim upon

5  which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

6  **II.    PLEADING STANDARD**

7        Section 1983 "provides a cause of action for the deprivation of any rights,

8  privileges, or immunities secured by the Constitution and laws of the United States."

9  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983.

10  Section 1983 is not itself a source of substantive rights, but merely provides a method

11  for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386,

12  393-94 (1989).

13        To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

14  that a right secured by the Constitution or laws of the United States was violated and (2)

15  that the alleged violation was committed by a person acting under the color of state law.

16  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

17  1245 (9th Cir. 1987).

18        A complaint must contain "a short and plain statement of the claim showing that

19  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

20  are not required, but "[t]hreadbare recitals of the elements of a cause of action,

21  supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

22  662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

23  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is

24  plausible on its face." Id. Facial plausibility demands more than the mere possibility that

25  a defendant committed misconduct and, while factual allegations are accepted as true,

26  legal conclusions are not. Id., at 667-68.

27  **III.   PLAINTIFF'S ALLEGATIONS**

28        Plaintiff is incarcerated at the California Correctional Institution ("CCI"), where

2

1  this action arose. He claims Defendants' retaliated against him for filing civil rights

2  litigation[1] and prison grievances, thereby violating the First, Fourth, Eighth and

3  Fourteenth Amendments to the U.S. Constitution and state law and prison regulations.

4  He seeks (1) injunctive relief; (2) monetary damages.

5        Plaintiff names as Defendants[2] (1) Holland, Warden, (2) Gutierrez, Associate

6  Warden, (3) Allen, Captain, (4) Coontz, Lieutenant, (5) Campbell, Sergeant, (6)

7  Ramirez, Correctional Officer, (7) Little, Correctional Officer, (8) Curliss, Correctional

8  Officer, (9) Riley, Correctional Officer, (10) Morgan, Correctional Officer, (11) Mullins,

9  Correctional Officer, (12) Donnahue, Correctional Officer, (13) Does 1 and 2,

10  Correctional Officers.

11        More specifically, Plaintiff complains Defendants retaliated against him in the

12  following ways:

13        Excessive Force

14        Defendant Ramirez attempted to push Plaintiff into a door during escort, injuring

15  Plaintiff's arm. Defendant Mullins was present but did not intervene. Ramirez later told

16  Plaintiff "the next time you come out, I'm going to fuck you up!" (Compl., ECF No. 1 at

17  5:4.)

18        Cell Searches

19        Defendants Ramirez and Little searched Plaintiff's cell and took his personal and

20  legal property.

21        Defendants Curliss and Donnahue searched Plaintiff's cell and took his personal

22  property, without providing a cell search slip.

23        Defendant Doe 1 entered Plaintiff's cell and took his legal documents, without

24  providing a cell search slip.

25        Defendants Does 1 and 2 confiscated Plaintiff's list of evidence supporting the

26  ───────────────

[1] Plaintiff cites to McCoy v. Cacciola et al., 13-cv-00995-LJO-SKO (PC). Judicial notice is taken. Fed. R.
27  Civ. P. 201(d); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).
[2] Plaintiff refers to CCI as a defendant. (Compl., ECF No. 1 at 16:4.) However, the Eleventh Amendment
28  prohibits suits against state agencies. See Natural Res. Def. Council v. California Dep't of Transp., 96
F.3d 420, 421 (9th Cir. 1996). Plaintiff may not sue CCI.

1    instant claims.

2        Housing Transfer

3        Plaintiff was transferred to other housing at CCI ostensibly because he posed a

4    threat to Defendants Campbell and Little. There Defendant Curliss told Plaintiff if he

5    "pushes paperwork . . . they would come [to] the cell and get crackin . . . ' " (Compl.,

6    ECF No. 1 at 7:5-7.)

7        Disciplinary Violation

8        Defendant Curliss filed a fabricated rules violation report ("RVR") against Plaintiff.

9        Plaintiff objected to Defendant Riley assisting him at the RVR hearing and

10   refused to attend. Riley falsely stated that Plaintiff lodged no such objection. Defendant

11   Coontz rejected Plaintiff's written statement for use at the hearing. Defendants Coontz,

12   Allen and Gutierrez prepared the RVR hearing decision finding Plaintiff guilty.

13       Plaintiff sent a letter to Defendant Holland complaining of misconduct in the

14   disciplinary process.

15       Confidential Legal Information

16       Defendant Gutierrez allowed Plaintiff's confidential internal affairs legal mail to be

17   viewed by Defendant Curliss.

18       Grievances and Mail Interference

19       Plaintiff repeatedly grieved the foregoing. These grievances were improperly

20   processed, denied, or ignored.

21       Plaintiff was told he could no longer send mail with the building staff.

22       Plaintiff prepared a grievance for mailing to Internal Affairs, but the letter never

23   got addressed or documented on the prison mail log.

24   **IV.   DISCUSSION**

25       **A.    Supervisor Liability**

26       A § 1983 plaintiff must demonstrate that each defendant personally participated

27   in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

28   There must be an actual connection or link between the actions of the defendants and

4

1   the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department

2   of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for

3   the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct.

4   at 1948. Since a government official cannot be held liable under a theory of vicarious

5   liability in § 1983 actions, plaintiff must plead sufficient facts showing that the official has

6   violated the Constitution through his own individual actions. Id., at 1948.

7        Plaintiff does not allege a reasonable factual basis for his belief Defendant

8   Holland caused or participated in the alleged violations. His contention he mailed a

9   letter to Holland regarding misconduct in the disciplinary process is not sufficient to

10  show Holland personally acted or failed to act to violate his rights.

11       If Plaintiff chooses to amend, he should provide factual detail demonstrating what

12  Defendant Holland did or did not do, when, and why and how his rights were violated by

13  Defendant Holland.

14       **B.    Retaliation**

15       "Within the prison context, a viable claim of First Amendment retaliation entails

16  five basic elements: (1) an assertion that a state actor took some adverse action against

17  an inmate (2) because of (3) that inmate's protected conduct, and that such action (4)

18  chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

19  reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559,

20  567-68 (9th Cir. 2005).

21       Plaintiff does not explain why he believes Defendants were aware of and

22  motivated to retaliate by the Cacciola action. None of these Defendants has been

23  served in Cacciola. The mere fact that litigation was brought shortly before the alleged

24  retaliatory acts does not alone suggest Defendants' retaliatory mind set. See Pratt v.

25  Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as

26  circumstantial evidence of retaliatory intent"). The same is true as to Plaintiff's filing

27  grievances and staff complaints around the time the alleged adverse actions were

28  taken.

1  In addition, the facts alleged do not enlighten as to whether or not the alleged

2  adverse acts advanced legitimate correctional goals.

3  Plaintiff does not state a retaliation claim. If Plaintiff chooses to amend, he must

4  provide factual detail as to each of the five criteria set out above.

5  **C.    Prison Mail and Access to Court**

6  Prisoners have a First Amendment right to send and receive mail, Witherow v.

7  Paff, 52 F.3d 264, 265 (9th Cir. 1995), and to access the courts. Lewis v. Casey, 518

8  U.S. 343, 346 (1996). However, a prison may adopt regulations which impinge on an

9  inmate's constitutional rights if those regulations are "reasonably related to legitimate

10  penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). The mere opening and

11  visual inspection of legal and non-legal correspondence does not alone state a federal

12  claim. Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Mitchell v. Dupnick, 75 F.3d

13  517, 523 (9th Cir.1996).

14  Inmates also have a fundamental right of access to the courts, Lewis, 518 U.S. at

15  346, as to direct criminal appeals, habeas petitions and civil rights actions. Id., at 354. A

16  plaintiff must show: 1) the loss of a 'non-frivolous' or 'arguable' underlying claim; 2) the

17  official acts frustrating the litigation; and 3) a remedy that may be awarded as

18  recompense but that is not otherwise available in a future suit. Christopher v. Harbury,

19  536 U.S. 403, 412-15 (2002). The complaint should state the underlying claim in

20  accordance with Federal Rule of Civil Procedure 8(a). Christopher, 536 U.S. at 417-18.

21  Plaintiff's allegations do not suggest any named Defendant interfered with his

22  mail or frustrated, or otherwise hindered his criminal appeal, habeas petition, or civil

23  rights action in such a way as to cause him loss of an arguably valid claim. Lewis, at

24  354; Christopher, 536 U.S. at 412-15. It is not enough for Plaintiff to merely allege mail

25  "never got addressed and was never documented on the prison's mail log", (Compl.,

26  ECF No. 1 at 8:3-4), and that a non-party told him that "he could no longer send mail

27  with the building staff." (Id., at 11:26-27.) That legal mail might have been viewed by

28  custody staff during delivery to Plaintiff does not alone suggest a rights violation.

6

1    Plaintiff does not state a claim relating to mail and access to courts. If Plaintiff

2    chooses to amend, he should provide factual detail showing which named Defendant

3    violated his rights under the above standard, when and how, and how the action or

4    inaction of that Defendant hindered a non-frivolous pending or future criminal appeal,

5    habeas action, or civil rights action.

6    **D.    Cell Search**

7    Under the Fourth Amendment, a seizure of property "occurs when there is some

8    meaningful interference with an individual's possessory interest in that property." <u>United</u>

9    <u>States v. Jacobsen</u>, 466 U.S. 109, 113 (1984). The United States Supreme Court has

10   held that "the Fourth Amendment has no applicability to a prison cell." <u>Hudson v.</u>

11   <u>Palmer</u>, 468 U.S. 517, 536 (1984). Further, the Court noted, "[p]rison officials must be

12   free to seize from cells any articles which, in their view, disserve legitimate institutional

13   interests." <u>Id.</u>, at 528 n.8.

14   Because there is no Fourth Amendment applicability to a prison cell, Plaintiff's

15   claim in this regard fails. No useful purpose would be served by granting further leave to

16   amend.

17   **E.    Excessive Force and Failure to Protect**

18   The Cruel and Unusual Punishments Clause of the Eighth Amendment protects

19   prisoners from the use of excessive physical force. <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 36

20   (2010); <u>Hudson v. McMillian</u>, 503 U.S. 1, 8-9 (1992). To state an Eighth Amendment

21   claim, a plaintiff must allege that the use of force was an "unnecessary and wanton

22   infliction of pain." <u>Jeffers v. Gomez</u>, 267 F.3d 895, 910 (9th Cir. 2001). The malicious

23   and sadistic use of force to cause harm always violates contemporary standards of

24   decency, regardless of whether or not significant injury is evident. <u>Hudson</u>, 503 U.S. at

25   9.

26   Not "every malevolent touch by a prison guard gives rise to a federal cause of

27   action." <u>Hudson</u>, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and

28   unusual punishments necessarily excludes from constitutional recognition de minimis

7

1  uses of physical force, provided that the use of force is not of a sort repugnant to the

2  conscience of mankind." Id., at 9-10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th

3  Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of

4  force, not de minimis injuries).

5        Whether force used by prison officials was excessive is determined by inquiring if

6  the "force was applied in a good-faith effort to maintain or restore discipline, or

7  maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must

8  look at the need for application of force; the relationship between that need and the

9  amount of force applied; the extent of the injury inflicted; the extent of the threat to the

10  safety of staff and inmates as reasonably perceived by prison officials; and any efforts

11  made to temper the severity of the response. See Whitley v. Albers, 475 U.S. 312, 321

12  (1976).

13        If failure to protect is alleged, the defendant must have had a reasonable

14  opportunity to intervene. Orwat v. Maloney, 360 F.Supp.2d 146, 155 (D. Mass. 2005),

15  citing Gaudreault v. Municipality of Salem, 923 F.2d 203, 207 at n.3 (1st Cir. 1991).

16        Plaintiff does not provide sufficient facts to enable the Court to analyze his claim

17  under the Whitley factors. He does not describe the events leading up to the use of

18  force, whether he was in restraints, whether he was compliant with orders given, the

19  extent and duration of force, whether he sought or received medical assistance for any

20  injuries suffered through the use of force and if so the details thereof, whether he

21  grieved the force and if so the results. See e.g., Giles v. Kearney, 571 F.3d 318, 330 (3d

22  Cir. 2009) (force not excessive where a proportionate response to inmate refusal to

23  obey orders).

24        Likewise, the failure to protect claim is unsupported by facts showing cause and

25  a reasonable opportunity to intervene.

26        If Plaintiff chooses to amend, he must allege facts showing that a named

27  Defendant applied force other than in a good-faith effort to maintain or restore discipline,

28  or maliciously and sadistically to cause harm, or failed to intervene in such application of

1   such force notwithstanding reasonable opportunity to do so.

2   **F.   Due Process**

3   The Due Process Clause protects against the deprivation of liberty and property

4   without due process of law. Wolff, 418 U.S. at 556 (1974). The existence of a liberty

5   interest created by prison regulations is determined by focusing on the nature of the

6   deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by

7   state law are "generally limited to freedom from restraint which . . . imposes atypical and

8   significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.,

9   at 484; see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

10   1.   Grievances

11   Plaintiff may not state a due process claim arising solely from processing and

12   denial of his grievances. Prison staff actions in responding to Plaintiff's prison

13   grievances alone can not give rise to any claim for relief under § 1983 for violation of

14   due process. "[A prison] grievance procedure is a procedural right only, it does not

15   confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495

16   (8th Cir. 1993), citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982). A

17   prisoner does not have a claim of entitlement to a grievance procedure. Mann v.

18   Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galarza, 334 F.3d 850, 860 (9th

19   Cir. 2003).

20   2.   Prison Records

21   Plaintiff has no free-standing right to a correct prison file. The Due Process

22   Clause itself does not confer on inmates an independent right to an accurate prison

23   record. Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987). Plaintiff's

24   allegations concerning his prison record do not support a claim of atypical and

25   significant hardship. Wilkinson v. Austin, 545 U.S. 209, 221 (2005), citing Sandin, 515

26   U.S. at 484.

27   3.   Housing

28   Plaintiff does not have a due process liberty interest in his housing. Hewitt v.

9

1   Helms, 459 U.S. 460, 468 (1983), overruled on other grounds by Sandin, 515 U.S. at

2   472; accord Hernandez, 833 F.2d at 1318. Plaintiff does not identify any liberty interest

3   arising from his housing unit transfer.

4                      4.   Disciplinary Hearing

5          When a prisoner faces disciplinary charges, prison officials must provide the

6   prisoner with (1) a written statement at least twenty-four hours before the disciplinary

7   hearing that includes the charges, a description of the evidence against the prisoner,

8   and an explanation for the disciplinary action taken; (2) an opportunity to present

9   documentary evidence and call witnesses, unless calling witnesses would interfere with

10  institutional security; and (3) legal assistance where the charges are complex or the

11  inmate is illiterate. See Wolff, 418 U.S. at 563-70.

12         A violation of the prison's regulations does not violate the Due Process Clause as

13  long as the minimal protections outlined in Wolff have been provided. See Walker v.

14  Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994), abrogated in part on other grounds by

15  Sandin, 515 U.S. at 483-84 (1995).

16         Plaintiff does not allege facts suggesting he was denied protections afforded

17  under Wolff. It appears he was given notice of the charges and hearing, assigned an

18  Investigative Employee (Defendant Riley), and provided an opportunity to attend the

19  hearing. Plaintiff's contention he objected to Riley serving as Investigative Employee by

20  mailing objections to Defendant Allen and never received a response does not show a

21  denial of process due. Plaintiff does not state whether the hearing record includes a

22  response to his objection, see Cal. Code Regs. tit. 15 §§ 3315(d)(1)(D), 3320(c)(1), and

23  if so, what response was given.

24                     5.   Property Deprivation

25         The Due Process Clause protects against property deprivation without due

26  process of law. Wolff, 418 U.S. at 556. An authorized, intentional deprivation of property

27

28

                                        10

1  is actionable under the Due Process Clause,[3] <u>see</u> <u>Hudson</u>, 468 U.S. at 532 n.13, <u>citing</u>

2  <u>Logan</u>, 455 U.S. at 435-36; <u>Quick v. Jones</u>, 754 F.2d 1521, 1524 (9th Cir. 1985), but

3  neither negligent nor unauthorized deprivations of property are actionable. <u>Hudson</u>, 468

4  U.S. at 533; <u>Barnett v. Centoni</u>, 31 F.3d 813, 816–17 (9th Cir. 1994), citing Cal. Gov't

5  Code §§ 810- 895.

6       Plaintiff does not identify any specific property confiscated; what, if any, reason

7  and authority was given by Defendants for its confiscation; whether the confiscation was

8  authorized and if so why; the nature and extent of any deprivation suffered (e.g., has the

9  property been stored for Plaintiff's future use); or the ultimate disposition of the property

10 (e.g., whether it was stored, mailed home, donated, or disposed of in some other

11 fashion).

12      If Plaintiff chooses to amend, he must allege facts showing an intentional and

13 authorized deprivation of his property not serving a valid prison purpose causing him

14 harm.

15      **G.    State Claims**

16           1.    <u>California Civil Code § 52.1</u>

17      Section 52.1 provides for redress against an individual who interferes with or

18 attempts to interfere with another person's exercise or enjoyment of rights secured by

19 the United States Constitution or the California Constitution. However, a claim under §

20 52.1 requires that the interference or attempted interference with the right be by way of

21 threats, intimidation, or coercion. Cal. Civ. Code § 52.1; <u>Venegas v. County of Los</u>

22 <u>Angeles</u>, 32 Cal.4th 820, 843 (Cal. 2004); <u>Austin B. v. Escondido Union School District</u>,

23 149 Cal.App.4th 860, 881-82 (Cal. Ct. App. 2007); <u>see also</u> <u>McCue v. South Fork Union</u>

24 <u>Elementary School</u>, 766 F.Supp.2d 1003, 1010-11 (E.D. Cal. 2011) (defining threats

25

26 _____

[3] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or
27 statutes. <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422, 436 (1982); <u>Piatt v. McDougall</u>, 773 F.2d 1032,
1036 (9th Cir. 1985); <u>see also</u> <u>Knudson v. City of Ellensburg</u>, 832 F.2d 1142, 1149 (9th Cir. 1987).

28

1   and finding complaint failed to state § 52.1 claim); Richardson v. City of Antioch, 722

2   F.Supp.2d 1133, 1147 (N.D. Cal. 2010) (test is whether a reasonable person, standing

3   in the shoes of the plaintiff, would have been intimidated by the actions of the

4   defendants and would have perceived a threat of violence); Fenters v. Yosemite

5   Chevron, 761 F.Supp.2d 957, 996-98 (E.D. Cal. 2010) (discussing definition of threats,

6   intimidation, and coercion within meaning of § 52.1).

7       Plaintiff has not alleged an attempted or completed act of interference with a

8   legal right for the reasons stated and he has not alleged any form of coercion by

9   Defendants. See Fenters, 761 F.Supp.2d at 996, citing Jones v. Kmart Corp., 17 Cal.4th

10  329, 334 (1998) ("[§] 52.1 does require an attempted or completed act of interference

11  with a legal right, accompanied by a form of coercion.") Although Plaintiff alleges

12  Defendants Ramirez and Curliss made threats, they are not on their face threats of

13  violence or intimidation. Id., at 997; see e.g., Brook v. Carey, 352 Fed.Appx. 184, 185

14  (9th Cir. 2009) (prison officials' alleged failure to timely respond to grievances not

15  "threats, intimidation, or coercion for purposes of § 52.1).

16      Accordingly, Plaintiff's § 52.1 claim fails.

17      If Plaintiff chooses to amend, he must allege facts showing interference with or

18  attempts to interfere his rights by way of threats, intimidation, or coercion.

19              2.    Title 15

20      The existence of Title 15 regulations governing the conduct of prison officials

21  does not necessarily entitle an inmate to sue civilly for their violation. The Court has

22  found no authority to support a finding of an implied private right of action under Title 15,

23  and Plaintiff has provided none. Several district court decisions hold that there is no

24  such right. See e.g., Vasquez v. Tate, 2012 WL 6738167, at *9 (E.D. Cal. December 28,

25  2012); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012).

26      Plaintiff alleges Defendants violated California Code of Regulations, Title 15, §

27  3320(1), which provides hearing procedures for inmate discipline. Plaintiff has not

28  shown his disciplinary hearing was procedurally deficient for the reasons stated.

1       Even if Plaintiff had shown a procedural deficiency, no § 1983 claim arises for

2   such a violation. See Chappell v. Perrez, 2011 WL 2296816, *2 (E.D. Cal. June 8,

3   2011); Lamon v. Cate, 2011 WL 773046, *9 (E.D. Cal. February 28, 2011).

4       Plaintiff may not include in any amended pleading an independent claim solely

5   for violation of prison regulations set out in Title 15. Leave to amend such a claim is

6   futile and denied on that basis.

7       **H.**    **Motion for Injunction**

8       Injunctive relief, whether temporary or permanent, is an "extraordinary remedy,

9   never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22

10  (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of

11  success on the merits and the possibility of irreparable injury, or (2) the existence of

12  serious questions going to the merits and the balance of hardships tipping in [the

13  moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.,

14  762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula

15  International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons,

16  461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

17      Plaintiff seeks an injunction prohibiting prison officials from refusing to mail

18  unspecified legal documents; taking unspecified legal documents, food and hygiene

19  items from his cell without providing a cell search receipt; discarding his grievances

20  denying him use of the prison grievance system; and denying access to courts in this

21  case and others. (Mot. For Inj., ECF No. 8 at 1:17-23.)

22      Plaintiff can not seek injunctive relief where there is no underlying federal claim.

23  City of Los Angeles, 461 U.S. at 101–02 (plaintiff must show a "case or controversy"

24  and "real and immediate" threat of injury). His underlying Complaint fails to state any

25  cognizable claim against named Defendants for the reasons stated.

26      Even if Plaintiff had stated a cognizable claim, an allegation of "past exposure to

27  illegal conduct does not in itself show a present case or controversy regarding injunctive

28  relief . . . if unaccompanied by any continuing, present, adverse effects." See Id. Plaintiff

1 does not state facts showing how or why there is any ongoing threat of harm and
2 relative hardship.

3      Accordingly, the undersigned finds the Motion for Injunctive relief is moot
4 because it is unsupported by any underlying case or controversy. The Motion is denied
5 on that basis.

6 **V.   CONCLUSIONS AND ORDER**

7      The Complaint does not state a claim for relief under § 1983. The Motion for
8 Injunctive relief is moot because Plaintiff fails to state any cognizable claim.

9      The Court will grant an opportunity to file an amended complaint consistent with
10 the foregoing. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.  2000); Noll v. Carlson,
11 809 F.2d 1446, 1448-49 (9th Cir. 1987).

12      If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a
13 deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set
14 forth "sufficient factual matter . . . to state a claim that is plausible on its face." Id., at
15 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each
16 named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d
17 at 934.

18      Plaintiff should note that although he has been given the opportunity to amend, it
19 is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th
20 Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on
21 curing the deficiencies set forth above.

22      Finally, Plaintiff is advised that Local Rule 220 requires that an amended
23 complaint be complete in itself without reference to any prior pleading. As a general
24 rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
25 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d
26 896, 928 (9th Cir. 2012). Once an amended complaint is filed, the original complaint no
27 longer serves any function in the case. Therefore, in an amended complaint, as in an
28 original complaint, each claim and the involvement of each defendant must be

14

sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed November 8, 2013,

2.   Plaintiff's Complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted,

3.   Plaintiff's Motion for Injunctive relief (ECF No. 8) is DENIED without prejudice,

4.   Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

5.   If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:    February 18, 2014      /s/ Michael J. Seng
                                 UNITED STATES MAGISTRATE JUDGE