UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH LEROY MCCOY,<br><br>            Plaintiff,<br><br>    v.<br><br>J. RAMIREZ, et al.,<br><br>            Defendants. | CASE NO. 1:13-cv-01808-MJS<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIM<br><br>(ECF NO. 10)<br><br>THIRTY DAY DEADLINE |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 5.)  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 6.)

The Court screened Plaintiff's complaint and dismissed it for failure to state a claim but gave leave to amend.  (ECF No. 9.)  Plaintiff's First Amended Complaint (ECF No. 10.) is now before the Court for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  PLEADING STANDARD

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'"  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*.  Facial plausibility demands more than the mere possibility

that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff names as Defendants Captain K. Allen, Sergeant K. Campbell, Lieutenant E. Coontz, Associate Warden J. Gutierrez, and Correctional Officers: J. Ramirez, A.C. Little, R. Curliss, Donnahue, C. Riley, Morgan, Mullins, S. Sanchez III, and V. Marquez.

Plaintiff alleges essentially the following:

On July 10, 2013, Defendants Ramirez and Mullins escorted Plaintiff in handcuffs from the law library to his cell. Plaintiff had previously overheard Defendant Ramirez say he wanted to get into an altercation with an inmate so he could fake injury. During escort, Defendant Ramirez stated to Plaintiff, "what the fuck is your problem; you have an attitude with my partner (C.O. Mullins) and you're suing Cacciola." (ECF No. 10 at 5.) Plaintiff attempted to diffuse the situation by obeying all orders, but Defendant Ramirez tried to push Plaintiff into a door, injuring Plaintiff's arm and wrist. Plaintiff saw a nurse for his injury.

Defendant Mullins was present but did not intervene. Defendant Ramirez later told Plaintiff "the next time you come out, I'm going to fuck you up!" (ECF No. 10 at 6.)

Plaintiff further complains that on numerous occasions Defendants retaliated against him for filing grievances and suing fellow Correctional Officer Cacciola. In this regard, Plaintiff alleges:

<u>Cell Searches</u>

On July 12, 2013, Defendants Ramirez and Little searched Plaintiff's cell and took his personal and legal property.

On August 24, 2013, Defendants Curliss and Donnahue searched Plaintiff's cell and took his personal property. Defendants Curliss and Morgan provided Plaintiff with a cell search slip.

On October 26, 2013, Defendants Sanchez and Marquez entered Plaintiff's cell

and took his legal documents, without providing a cell search slip.

### Housing Transfer

Defendant Campbell transferred Plaintiff to a different housing unit after Defendants Ramirez and Little informed him that they felt threatened by Plaintiff. There Defendant Curliss told Plaintiff "if you come to my building pushing paperwork, we're going to come in there (the cell) and get crackin!" (ECF No. 10 at 11.)

### Disciplinary Violation

On August 24, 2013, Defendant Curliss filed a fabricated rules violation report ("RVR") against Plaintiff.

Plaintiff objected to Defendant Riley assisting him as Investigative Employee at the RVR hearing and refused to attend. Riley falsely stated that Plaintiff lodged no objection and had no evidence to present. Defendant Coontz rejected Plaintiff's written statement for use at the hearing and denied Plaintiff the right to have a different Investigative Employee assigned to him and to present witnesses. Defendant Coontz fabricated his report and found Plaintiff guilty. Defendant Allen reviewed the false report and Defendant Gutierrez finalized it.

### State Claim

Defendant Curliss violated California Civil Code § 52.1 by threatening to enter his cell and fight him.

## IV. ANALYSIS

### A. Excessive Force and Failure to Intervene

To state an excessive force claim, a plaintiff must allege facts to show that the use of force involved an "unnecessary and wanton infliction of pain." *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (*quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Whether the force applied inflicted unnecessary and wanton pain turns on whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The Court

4

must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response.  *See Whitley*, 475 U.S. at 321.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotation marks omitted); *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).

Plaintiff alleges that while he was handcuffed behind his back, Defendant Ramirez, on two separate occasions, used his entire body weight to attempt to push Plaintiff into a door.  Prior to this use of force, Defendant Ramirez indicated an intent to unnecessarily start an altercation with an inmate and told Plaintiff he was upset with him. During the escort, Plaintiff was compliant with all of Defendant Ramirez's orders. Plaintiff's arm and wrist were permanently injured, and he sought out medical treatment but no diagnosis was given or imaging made.  Plaintiff grieved the incident and received no relief, yet Defendant Ramirez was ordered to stay away from him.  Accepting these allegations as true, as the Court must at the pleading stage, Plaintiff has sufficiently alleged the unnecessary and wanton infliction of pain and the malicious or sadistic use of force to cause harm.  Plaintiff has stated a cognizable Eighth Amendment excessive force claim against Defendant Ramirez.

To establish a violation of a prison official's duty to take reasonable steps to protect inmates from physical abuse, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *Farmer*, 511 U.S. at 834.  "Mere negligence is not sufficient to establish liability." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).   Rather, a plaintiff must set forth facts to show that a

defendant knew of, but disregarded, an excessive risk to inmate safety. *Farmer*, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Plaintiff alleges that Defendant Mullins was present when Defendant Ramirez attempted to push him into the door. However, he fails to allege facts to indicate Defendant Mullins was on notice of Ramirez's intent to harm Plaintiff, or otherwise had a reasonable opportunity to intervene. Plaintiff was advised of this deficiency in his claim in the Court's prior screening order. (ECF No. 9.) His failure to correct it is reasonably construed as reflecting an inability to do so. Leave to amend the claim against Defendant Mullins would be futile and is denied.

**B.     Retaliation**

"[P]risoners have a First Amendment right to file prison grievances" and to be free from retaliation for exercising this right. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009); *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). There are five elements to a First Amendment retaliation claim: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68.

In Plaintiff's initial complaint, he failed to explain why he believed his filing a lawsuit against Correctional Officer Cacciola and his filing of grievances and staff complaints created a retaliatory mindset. Plaintiff again fails to draw a connection between his filing of the lawsuit, grievances, and staff complaints and Defendants' alleged adverse actions against him of searching his cell and transferring his housing unit. Plaintiff's speculation that Defendants' conduct was motivated by his filing of grievances and complaints is insufficient. As Plaintiff was previously advised, mere

proximity in time between Plaintiff's filing of the grievances and the alleged adverse actions also does not alone suggest Defendants' retaliatory mindset.  *See Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing in addition to other evidence, including statements).  And, while Plaintiff believes the actions did not advance legitimate correctional goals, he fails to plead facts to support his belief.

Plaintiff alleges Defendant Curliss retaliated against him by threatening to come in his cell and harm him if he continued "pushing paperwork."  (ECF No. 10 at 11.)  However, Plaintiff fails to allege that Defendant Curliss did in fact take any adverse action against him or follow through with his threat.  Plaintiff also fails to show how any adverse action by Defendant Curliss chilled the exercise of his First Amendment rights and "did not reasonably advance a legitimate correctional goal."  *Rhodes*, 408 F.3d at 568.

If Plaintiff seeks to allege Defendant Ramirez's use of force was excessive and motivated by a retaliatory mind set, he must plead facts reflecting that filing the lawsuit against Cacciola was protected conduct and motivated Ramirez's actions and that Ramirez's conduct chilled Plaintiff's exercise of his First Amendment rights.  Plaintiff will be granted **one more opportunity** to amend his retaliation claim but only against Defendant Ramirez for his use of excessive force.  Plaintiff was advised of the other deficiencies in the Court's prior screening order.  (ECF No. 9.)  His failure to correct the deficiencies is reasonably construed as reflecting his inability to do so.  Leave to amend against all other Defendants would be futile and is denied.

   **C.   Linkage**

Under Section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights.  *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  In other words, there must be an actual connection or link between the

actions of Defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

It is unclear from Plaintiff's allegations whether Defendant Morgan personally searched Plaintiff's cell or merely provided Plaintiff with a cell search slip. Regardless, Plaintiff has not stated a claim against Defendants for retaliation based on cell searches and leave to amend that claim is denied.

### D.  Due Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Id.* Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (*citing Sandin v. Conner*, 515 U.S. 472, 481-84 (1995)). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Id.*; *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

When a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

Plaintiff alleges that Defendants Riley and Coontz violated the second

requirement by not allowing him to give a written statement or present his cellmate as a witness. Plaintiff's right to call witnesses at a disciplinary hearing is not absolute. *Wolff*, 418 U.S. at 566. Plaintiff fails to allege that there was no other legitimate correctional goal or institutional security issue that would merit the denial of his cellmate as a witness. Additionally, Plaintiff was given an opportunity to attend the hearing and raise objections to the above, but he declined to do so.

Plaintiff will be given **one last opportunity** to amend. If Plaintiff chooses to amend, he must allege facts demonstrating that there was no legitimate penalogical reason for denial of his right to call witnesses.

### E. Supervisory Liability

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 691 (1978). Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. *Iqbal*, 556 U.S. at 676. Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Defendants cannot be held liable for being generally deficient in their supervisory duties.

Plaintiff alleges that Defendant Allen reviewed the false disciplinary finding report and Defendant Gutierrez finalized it. However, Plaintiff fails to allege how either of these acts constituted a violation of his constitutional rights. Plaintiff does not allege that either Defendant knew of Defendants Riley and Coontz's violations and failed to act to prevent them.

Plaintiff will be given **one last opportunity** to amend.  If Plaintiff chooses to amend, he must provide factual detail demonstrating what Defendants did or did not do, when, why, and how his rights were violated by their personal conduct.

### F. State Claim

Section 52.1 provides for redress against an individual who interferes with or attempts to interfere with another person's exercise or enjoyment of rights secured by the United States Constitution or the California Constitution.  A claim under § 52.1 requires that the interference or attempted interference with the right be by way of threats, intimidation, or coercion. Cal. Civ. Code § 52.1; *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 843 (Cal. 2004).

Plaintiff has not alleged Defendant Curliss attempted or completed an act of interference with a legal right for the reasons stated above.  Additionally, Plaintiff was previously advised that the statement Defendant Curliss made was not on its face a threat of violence or intimidation.  Accordingly, Plaintiff's § 52.1 claim again fails.  Given Plaintiff's advisement of these deficiencies and failure to correct them, leave to amend this claim would be futile and is denied.

### V. CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable Eighth Amendment excessive force claim against Defendant Ramirez.  It does not state a claim against any other defendant.

The Court will grant Plaintiff one last chance to amend to cure those deficiencies which Plaintiff believes, in good faith, are curable.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaint).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the claim found to be cognizable, he may file a notice informing the

Court that he does not intend to amend, and he is willing to proceed only on his cognizable claim.  The other defendants then will be dismissed, and the Court will provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated.

If Plaintiff files an amended complaint, it should be brief, but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an "amended complaint supersedes the [prior]" complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  It must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Within thirty (30) days from the service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and that he is willing to proceed only on the claims found to be cognizable in this order;
2. If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   January 13, 2015                   /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE