UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH LEROY MCCOY,<br><br>           Plaintiff,<br><br>     v.<br><br>J. RAMIREZ, et al.,<br><br>           Defendants. | CASE NO. 1: 13-cv-01808-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY UNITED STATES MAGISTRATE JUDGE<br><br>(ECF No. 36.) |

## I.     PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On January 13, 2015, the Court screened Plaintiff's First Amended Complaint and ordered Plaintiff to either file a Second Amended Complaint or notify the Court of his willingness to proceed only on his cognizable claims.  (ECF No. 12.)  Plaintiff requested and was granted two extensions of time to file his amended complaint.  (ECF Nos. 18 and 21.)   Plaintiff failed to file an amended complaint within the extended time. Accordingly, on May 11, 2015, the Court ordered Plaintiff to show cause within fourteen days why his action should not be dismissed.  (ECF No. 23.)

On June 4, 2015, Plaintiff filed an "addendum" to a purported May 18, 2015 response to the order to show cause. (ECF No. 24.) The Court did not receive any May 18, 2015 response from Plaintiff. Accordingly, the Court re-sent the order to show cause to Plaintiff. (ECF No. 25.)

On June 22, 2015, Plaintiff filed a Second Amended Complaint. (ECF No. 31.) The Court screened it, found that Plaintiff had stated a cognizable Eighth Amendment claim against Defendant Ramirez, and ordered service on said Defendant. (ECF No. 33.)

Plaintiff has now filed a motion to recuse the undersigned. (ECF No. 36.) It appears that the Court does not have the entirety of the motion; it is missing pages three and four.

Nevertheless, the Court will address the motion to recuse as best it can below.

## II.     MOTION FOR RECUSAL

### A.     Legal Standard

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144; *see Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008). Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978).

A judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). However, the bias must arise "from an extrajudicial source" and cannot be based solely on information gained in the course of the proceedings. *Pesnell*, 543 F.3d at 1043-44 (*citing Liteky v. United States*, 510 U.S. 540, 554-56 (1994)).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 1044 (*quoting Liteky*, 510 U.S. at 555). "In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Focus Media, Inc. v. NBC*, 378 F.3d 916, 930 (9th Cir. 2004). Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555; *Pesnell*, 543 F.3d at 1044. "'[E]xpressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration." *Pesnell*, 543 F.3d at 1044 (*quoting Liteky*, 510 U.S. at 555–56).

The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Johnson*, 610 F.3d 1138, 1147 (quotation marks and citation omitted). "Adverse findings do not equate to bias." *Id.* at 1148.

**B.     Analysis**

The partial motion to recuse the Court did receive contends that on May 18, 2015 Plaintiff received the Court's order to show cause and responded that same day but erroneously sent his response to the wrong address because he did not have all of his property with him. He explains he sent an addendum to the Court demonstrating his receipt of certain legal/confidential mail from April to May 2015. It may be that in filing his motion to recuse, Plaintiff simply misnamed the motion, seeks only to explain that he did respond promptly, and only wants relief from the failure of his response to reach the Court. If so, said relief has been granted; the Court discharged the order to show cause. (ECF No. 32.)

3

To the extent Plaintiff does in fact want the undersigned to withdraw as judge in this case, he does not present a basis warranting recusal.

It appears that Plaintiff may dispute some of the rulings of the undersigned in his case.  Plaintiff's disagreement with this Court's prior orders is not a basis for recusal. *See Johnson*, 610 F.3d at 1148.  There is a "presumption of honesty and integrity in those serving as adjudicators." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 891 (2009), *citing Withrow v. Larkin*, 421 U.S. 35, 47 (1975).  Plaintiff has not provided any facts suggesting a deep-seated, or any, favoritism on the part of the undersigned such as to make fair judgment impossible.  He also has not presented any "extrajudicial source" for the undersigned's alleged bias.

## III.   ORDER

Based on the foregoing, it is HEREBY ORDERED that:

Plaintiff's motion to disqualify United States Magistrate Judge (ECF No. 36.) is DENIED.

IT IS SO ORDERED.

Dated:   August 24, 2015          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

4