1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAKEITH LEROY MCCOY,

        Plaintiff,

   v.

J. RAMIREZ, et al.,

        Defendants.

CASE NO. 1:13-cv-01808-MJS (PC)

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CIVIL SUBPOENA**

**(ECF No. 63)**

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter proceeds against Defendant Ramirez on an Eighth Amendment excessive force claim.

      Pending now is Plaintiff April 27, 2016, motion for a civil subpoena. (ECF No. 63.) Defendant opposes the motion. For the reasons set forth below, the Court construes Plaintiff's motion as a motion to compel and will deny it without prejudice to its renewal.

      On March 24, 2016, Plaintiff served on Defendant his First Request for Production of Documents ("RPD"), which included 18 total requests. Pl.'s Decl. ¶ 2, Ex. A (ECF No. 63). On April 6, 2016, Defendant objected to the requests on multiple grounds, including relevance, overbreadth, privacy, and privilege. See Pl.'s Decl. Ex. B. Relevant here,

Defendant responded as follows to Request Nos. 14-17: "After diligent search and reasonable inquiry, Responding Party is not in possession of any documents responsive to this request." Id. (ECF No. 63 at 21-23).

It appears that Plaintiff has interpreted this response that Defendant is not in *possession* of responsive documents as an assertion that Defendant does not have *access* to them. Based on that interpretation, Plaintiff now moves to serve a civil subpoena on the Litigation Coordinator at California Correctional Institution in Tehachapi, California, who Plaintiff presumes to have access not only to documents responsive to Request Nos. 14-17, but to all 18 Requests.

Defendant opposes Plaintiff's motions on two grounds. First, he argues that Plaintiff failed to meet and confer and failed to submit a joint discovery statement in violation of Federal Rule of Civil Procedure 37(a)(1) and the Court's Local Rule 251. However, the Court's March 17, 2016, Discovery and Scheduling Order specifically relieved the parties of the duties imposed by these Rules. See ECF No. 58 ¶ 4 ("[U]nless otherwise ordered, Local Rule 251 shall not apply, and the requirement set forth in Federal Rules of Civil Procedure 26 and 37 of a good faith conference or attempt to confer with the other party to resolve the dispute shall not apply."). Accordingly, Defendant's objection on this ground is overruled.

Defendant next argues that Plaintiff failed to satisfy his burden as the moving party. Pursuant to Federal Rule of Civil Procedure 26(b), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1) (Dec. 2015). As the moving party, Plaintiff bears the burden of informing the Court of (1) which discovery requests are the subject of his motion to compel, (2) which of Defendant's responses are disputed, (3) why he believes Defendant's responses are deficient, (4) why Defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. See, e.g., Ellis v. Cambra, 2008 WL 860523, at

*4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

The Court agrees with Defendant that Plaintiff has not met his burden here. In this motion, Plaintiff seeks documents responsive to all 18 Requests without addressing any of the objections asserted by Defendant. By way of example, the Court reproduces Plaintiff's Request for Production No. 3 and Defendant's response:

> **Request for Production No. 3**: The names, addresses, and telephone numbers of all persons interviewed by the agency during the investigation of said complaints.

> **Response to Request No. 3**: Responding Party objects to this request on the grounds that the request is vague and ambiguous. Responding Party does not know what Plaintiff means by "complaints" or "the agency." Responding Party further objects on the grounds that the request seeks confidential and restricted security information, and it seeks information protected by the Constitutional right to privacy of Responding Party and third parties. Responding Party further objects to this request on the grounds that the requested documents are confidential and not disclosed to inmates, other CDCR employees, or the general public. Responding party further objects on the grounds and to the extent that this request is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

ECF No. 63 at 16.

Though Defendant objects to Request No. 3 on grounds of ambiguity, confidentiality, privacy, and relevance, Plaintiff does not discuss any of these objections in his motion. Instead, he focuses in on Defendant's response to Request Nos. 14-17 that he is not in possession of responsive documents. Apparently widening the target of this response to all 18 Requests instead of the 4 against which it was actually asserted and also substituting the word "access" for "possession," Plaintiff expresses confusion,

stating that he was under the impression that Defendant's current counsel had access to responsive documents since they were allegedly available to previous counsel.[1] He declares:

> [¶ 4] That prior to [current] counsel coming onto the case to represent Defendant, Defendant was represented by the California Attorney General's Officer [sic] who does have access to these documents Plaintiff requests.
>
> [¶ 5] That Plaintiff misconstrued then counsel and current [counsel] as having equal access to the documents requested.

Pl.'s Decl. ¶¶ 4-5. Review of Defendant's responses, however, reveals that access to responsive documents is not an issue, let alone the only issue.

In sum, Plaintiff has misunderstood Defendant's response to Request Nos. 14-17, expanded the scope of the response to all 18 Requests, and failed to address any of the other objections raised by Defendant. Plaintiff's motion must therefore be denied.[2]

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's April 27, 2016, motion for civil subpoena (ECF No. 63) is DENIED without prejudice to its renewal.

IT IS SO ORDERED.

Dated:  __June 8, 2016__                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant's current counsel substituted in on February 10, 2016 (ECF No. 56).

[2] Since the discovery deadline in this case is November 17, 2016 (ECF No. 58), Plaintiff will have time to renew this motion after appropriately addressing the objections asserted by Defendant. Assuming Plaintiff pursues this discovery, Defendant is advised that the Court would find it inordinately unhelpful, and perhaps sanctionable, if Defendant's assertions of privilege went accompanied by a privilege log. Miller v. Pancucci, 141 F.R.D. 292, 300 (9th Cir. 1992); Fed. R. Civ. P. 26(b)(5)(A).