UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH LEROY MCCOY,<br><br>    Plaintiff,<br><br>  v.<br><br>J. RAMIREZ, et al.,<br><br>    Defendants. | CASE NO. 1:13-cv-01808-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CIVIL SUBPOENA**<br><br>**(ECF No. 62)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter proceeds against Defendant Ramirez on an Eighth Amendment excessive force claim. Pending is Plaintiff's motion for civil subpoena, which Defendant opposes.

Plaintiff moves for the issuance of a subpoena to serve on the Litigation Coordinator at California Correctional Institution in Tehachapi, California for the production of the following documents:

> (a) Computer print-out of computer history detailing the date Officer J. Ramirez's CDC128-8 General Chrono dated July 10, 2013 was placed into Plaintiff's, LaKeith LeRoy McCoy's, central file; … [¶]

>   (b) All record request information pertaining to Plaintiff, LaKeith LeRoy McCoy, e.g. including but not limited to, the names of requestors, the dates of the requests and disclosures, the times of the requests and disclosures, and the locations where information was requested and disclosed.

Plaintiff claims "this information will assist Plaintiff in preparing his opposition to Defendant's motion for summary judgment. . ." pending in this case. Plaintiff provides no further details regarding this request.

Rule 45 of the Federal Rules of Civil Procedure permits issuance of subpoenas to obtain discovery from non-parties equivalent to discovery from parties under Rule 34. See Adv. Comm. Note to 1991 Amendment to FRCP 45. Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the provisions of Federal Rule of Civil Procedure 26(b). Meeks v. Parsons, 2009 WL 3003718, at *2 (E.D. Cal. 2009) (citing Fahey v. United States, 18 F.R.D. 231, 233 (S.D.N.Y. 1955)). Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Accordingly, under Rule 34, the test for admissibility is the relevance of the requested material. Meeks, 2009 WL 3003718, at *2 (citing Weahkee v. Norton, 621 F.2d 1080, 1082 (10th Cir. 1980); White v. Jaegerman, 51 F.R.D. 161, 162 (S.D.N.Y. 1970); Ceramic Corp. of Amer. v. Inka Maritime Corp., Inc., 163 F.R.D. 584 (C.D. Cal. 1995)).

Plaintiff's motion does not explain or demonstrate how the documents that he seeks are relevant to his opposition to Defendant's motion for summary judgment. His cursory statement that "this information will assist" him fails to meet the relevance standard.

For these reasons, IT IS HEREBY ORDERED that Plaintiff's motion for civil subpoena (ECF No. 62) is DENIED.

IT IS SO ORDERED.

Dated:   July 7, 2016                          /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE