1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAKEITH LEROY MCCOY,

           Plaintiff,

    v.

J. RAMIREZ, et al.,

           Defendants.

CASE NO. 1:13-cv-01808-MJS (PC)

**ORDER**

**(1) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME; AND**

**(2) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**(ECF Nos. 60, 61)**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter proceeds against Defendant Ramirez on an Eighth Amendment excessive force claim. Both parties have consented to the jurisdiction of a magistrate judge.

On March 17, 2016, a Discovery and Scheduling Order issued in this case, setting November 17, 2016, as the discovery deadline. (ECF No. 58.) Very shortly after the Scheduling Order issued, Defendant filed a motion for summary judgment. (ECF No. 60.)

Plaintiff now moves for an extension of time to oppose Defendant's motion for summary judgment pending the completion of discovery. The Court construes Plaintiff's motion as one filed pursuant to Federal Rule of Civil Procedure 56(d).

Under Rule 56(d), a party opposing a motion for summary judgment may request an order deferring the time to respond to the motion and permitting that party to conduct additional discovery upon an adequate factual showing. <u>See</u> Fed. R. Civ. P. 56(d) (requiring party making such request to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."). A Rule 56(d) affidavit must identify "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." <u>Tatum v. City and County of San Francisco</u>, 441 F.3d 1090, 1100 (9th Cir. 2006). On such a showing, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

"Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs. <u>Klingele v. Eikenberry</u>, 849 F.2d 409, 412 (9th Cir. 1988). Thus, summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim." <u>Jones v. Blanas</u>, 393 F.3d 918, 930 (9th Cir. 2004). "The burden is on the nonmoving party, however, to show what material facts would be discovered that would preclude summary judgment." <u>Klingele</u>, 849 F.2d at 412; <u>see also</u> <u>Conkle v. Jeong</u>, 73 F.3d 909, 914 (9th Cir. 1995) ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists."). Moreover, "'[t]he district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.'" <u>Conkle</u>, at 914 (quoting <u>California Union Ins. Co. v. American Diversified Sav. Bank</u>, 914

F.2d 1271, 1278 (9th Cir. 1990).

Plaintiff contends that he is unable to properly oppose Defendant's motion for summary judgment because he has not yet had an opportunity to conduct discovery or obtain a declaration from his former cell-mate and other documents addressed in a pending motion to compel.[1]

The Court finds that, under the circumstances, Plaintiff has met his burden under Rule 56(d).  It would be unfair and quite likely unproductive to require him to oppose Defendant's motion for summary judgment without the benefit of having conducted reasonable  discovery. Therefore, the undersigned will grant Plaintiff's Rule 56(d) motion and deny Defendant's motion for summary judgment, without prejudice to its renewal at a later time.

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion (ECF No. 61) is GRANTED;

2.    Defendant's April 1, 2016, motion for summary judgment is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   August 25, 2016        /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's July 5, 2016, motion to compel (ECF No. 67) will be addressed in a separate order.