UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH LEROY MCCOY,<br><br>            Plaintiff,<br><br>   v.<br><br>J. RAMIREZ, et al.,<br><br>            Defendants. | CASE NO. 1:13-cv-01808-MJS (PC)<br><br>**ORDER**<br><br>**(1) GRANTING IN PART PLAINTIFF'S JULY 5, 2016, MOTION TO COMPEL;**<br><br>**and**<br><br>**(2) DENYING PLAINTIFF'S JULY 18, 2016, MOTIONS TO COMPEL**<br><br>**(ECF Nos. 67, 69)**<br><br>**FOURTEEN DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter proceeds against Defendant Ramirez on an Eighth Amendment excessive force claim following an incident that occurred on July 10, 2013, at the California Correctional Institution ("CCI") in Tehachapi, California. Both parties have consented to the jurisdiction of a magistrate judge. Pending now are two motions to compel filed by Plaintiff. Defendant opposes the motions.

**I.    Legal Standards**

Federal Rule of Civil Procedure 26(b)(1) (as amended eff. Dec. 1, 2015) sets forth the following standard pertaining to relevance:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Limitations to discovery are set forth in Federal Rule of Civil Procedure 26(b)(2)(C), which provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are

not justified. E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

The Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve Plaintiff's motion to compel on its merits. Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

## II.     Plaintiff's July 5, 2016, Motion to Compel

In the July 5, 2016, motion, Plaintiff seeks an order directing Defendant to submit documents responsive to Plaintiff's First Request for Production of Documents ("RPD"), propounded on March 24, 2016. In an April 12, 2016 response Defendant served responses, produced some documents, and made objections to certain requests.

There are a total of eighteen RPDs that can be grouped collectively as follows:

### A.     Requests Concerning Unrelated Complaints

In the first group of requests, Plaintiff seeks documents unrelated to the incident at issue in this case. Specifically, he seeks documents concerning complaints filed against Defendant by other inmates, officers, and/or citizens; the names, addresses, and telephone numbers of these individuals; and any statements (written, video, or oral) made by these individuals. He also seeks the names, addresses, and telephone numbers of people interviewed during the investigations of these incidents, and any statements (written, video, or oral) made by these individuals. Lastly, he seeks notes and recordings made during the investigation of these incidents; the names, addresses, and

telephone numbers of the investigators; and the final investigation reports for each of these alleged incidents. (RPD Nos. 1-9.)

In response to Defendant's numerous objections to these requests—which were based on relevance, vagueness, overbreadth, confidentiality, and privacy—Plaintiff argues that the information sought "will lead to impeachment evidence that shows Defendant engaged in unethical conduct, Defendant has a propensity to lie and cover up abuse, and that Defendant, at the time of the incident, was engaging in a habit or routine practice." Pl.'s July 5, 2016, Mot. Compel at 5.

Plaintiff's motion as to these requests will be denied. Plaintiff is proceeding with an excessive force claim against Defendant. The relevant inquiry for such a claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320 (1986). When analyzing whether the use of force was malicious or sadistic, factors to be balanced are: (1) the extent of the injury, (2) the need for the application of force, (3) the relationship between the need and the severity of the force used, (4) the threat perceived, and (5) efforts made to mitigate the force being used. Whitley, 475 U.S. at 320-21. Defendant's "propensity to lie and cover up abuse" is not one of the elements of Plaintiff's claim. Moreover, Federal Rule of Evidence 404 prohibits evidence of other crimes, wrongs, or acts to prove the character of a person in order to show action in conformity therewith. Fed. R. Evid. 404(b). Even if the rule were otherwise, allowing such evidence to be discovered and/or introduced would effectively require the Court and the parties to conduct a mini-trial into the credibility of each of these other alleged instances of wrongdoing by Defendant; that would necessitate an undue expenditure of time and pose a risk of confusing or prejudicing the trier of fact, and thus should be foreclosed pursuant to Federal Rule of Evidence 403.

### B.     Requests Concerning Incident at Issue

In the second group of requests, Plaintiff seeks documents related to the investigation of the incident at issue in this case, including statements made by officers to investigators (RPD No. 11), all written statements "identifiable as reports" (RPD No. 13); all CDCR forms (3010, 3011, 3012, 3014, 3015, 3034, and 3036)[1] (RPD No. 14); all internal affairs allegations logs (RPD No. 16); and the confidential request for an internal affairs investigation (RPD No. 17).

Defendant initially objected to these requests on multiple grounds, including vagueness, ambiguity, overbreadth, undue burden, confidentiality, right to privacy, and relevance. In his opposition, however, Defendant relies, without elaboration, on the asserted confidentiality and/or privileged natue of these documents. In the privilege log, submitted for the first time with the opposition, Defendant clarifies that these documents are protected by the "Official Information Privilege; Constitutional Right to Privacy of Responding Party and Third Parties; Security Concerns of Correctional Institution." See Rowan Decl. Ex. A (ECF No. 72-1 at 5-6). The privilege log simply identifies the withheld material as "Personnel File of Officer Jason Ramirez" and the author, date, and recipients of said materials as "Various." See id.

### 1.     Official Information Privilege / Confidentiality

The Supreme Court has long noted that privileges are disfavored. Jaffee v. Redmond, 518 U.S. 1, 9 (1996). "The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question." Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988). Privileges are to be "strictly construed" because they "impede full and free discovery of the truth." Eureka Fin. Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D. 179, 183 (E.D. Cal. 1991). "If the privilege is worth protecting, a litigant must be prepared to expend some time to justify the assertion of the privilege." Id.

---

[1] These forms are completed following an internal CDCR review of the use of force by correctional officers. See Cal. Code Reg. § 3268.3(e).

In civil rights cases brought under section 1983, questions of privilege are resolved by federal law. Kerr v. United States Dist. Ct. for the N. Dist. of Cal., 511 F.2d 192, 197 (9th Cir. 1975). "State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." Kelly v. City of San Jose, 114 F.R.D. 653, 655–56 (N.D. Cal. 1987).

"Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) (citing Kerr, 511 F.2d at 198.

The discoverability of official documents should be determined under the "balancing approach that is moderately pre-weighted in favor of disclosure." Kelly, 114 F.R.D. at 661. The party asserting the privilege must properly invoke the privilege by making a "substantial threshold showing." Id. at 669. The party must file an objection and submit a declaration or affidavit from a responsible official with personal knowledge of the matters attested to by the official. Id. The affidavit or declaration must include (1) an affirmation that the agency has generated or collected the requested material and that it has maintained its confidentiality, (2) a statement that the material has been personally reviewed by the official, (3) a description of the governmental or privacy interests that would be threatened by disclosure of the material to the plaintiff or plaintiff's attorney, (4) a description of how disclosure under a protective order would create a substantial risk of harm to those interests, and (5) a projection of the harm to the threatened interest or interests if disclosure were made. Id. at 670. Requiring the defendant to make a "substantial threshold showing" allows the plaintiff to assess the defendant's privilege assertions and decide whether they should be challenged. Id.

Defendant has not complied with the Kelly requirements for asserting the official information privilege. There is no affidavit or declaration submitted to make the "substantial threshold showing" that the documents in Defendant's personnel file are privileged in any way, that their disclosure would affect a governmental or privacy

interest, or that any such interests could not be protected through a protective order.

The Court also finds Defendant's privilege log to be both tardy and materially deficient. See Discovery and Scheduling Order ¶ 2 ("Responses to written discovery requests shall be due **forty-five (45) days** after the request is first served) (emphasis in original) (ECF No. 58). "The asserting party, as in any case where a privilege is claimed, must sufficiently identify the documents so as to afford the requesting party an opportunity to challenge the assertion of privilege." Miller v. Pancucci, 141 F.R.D. 292, 300 (9th Cir. 1992). Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A),

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i)  expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

The advisory committee notes to Rule 26(b)(5) make clear that withholding otherwise discoverable materials on the basis that they are privileged or subject to the work product doctrine without notifying the other parties as provided in Rule 26(b)(5)(A) by describing the nature of the information so as to enable them to assess the claim "*may* be viewed as a waiver of the privilege or protection." Fed. R. Civ. Pro. 26(b)(5) advisory committee's comment (emphasis added). The advisory committee comments also indicate that if it appears complying with the privilege log requirements presents an undue burden, a party may seek relief through a protective order. Id. Defendant did not move for a protective order to relieve him of the obligation of providing a privilege log at the time that he objected to Plaintiff's requests.

Nonetheless, the Ninth Circuit has "reject[ed] a per se waiver rule that deems a

privilege waived if a privilege log is not produced within Rule 34's 30-day time limit." Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Ct. for the Dist. of Mont., 408 F.3d 1142, 1149 (9th Cir. 2005). Instead, the Ninth Circuit has instructed courts to look at the following factors in determining whether a waiver has occurred: (1) "the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged;" (2) "the timeliness of the objection and accompanying information about the withheld documents;" (3) "the magnitude of the document production;" and (4) "other particular circumstances of the litigation that make responding to discovery unusually easy ... or unusually hard." Id. In evaluating these factors, the court is directed to apply them "in the context of a holistic reasonableness analysis" and not in a "mechanistic determination of whether the information is provided in a particular format." Id. (emphasis added).

Here, the balance of the Burlington factors weighs in favor of finding that Defendant has waived the assertion of privilege. Defendant did not submit his privilege log with his responses to Plaintiff's RPDs or at any point within the 45-day timeframe as directed by the Discovery and Scheduling Order. Though Defendant did eventually submit a privilege log with his opposition to Plaintiff's motion, the information in the log is so meager that it is virtually impossible to assess the claim of privilege. Additionally, Defendant has offered no explanation for his tardy production of the log, there is no information regarding the magnitude of the document production, and there are no other circumstances identified in this case that would have rendered it difficult for Defendant to produce responsive documents. Thus, the Court overrules Defendant's confidentiality and privilege objections.

### 2.  Privacy

With respect to privacy rights, federal courts recognize a constitutionally-based right of privacy that may be asserted in response to discovery requests. Soto, 162 F.R.D. at 616. The resolution of a party's privacy objection involves balancing the need for the

information sought against the privacy right asserted. Id. (citing Perry v. State Farm Fire & Cas. Co., 734 F.2d 1441, 1447 (11th Cir. 1984)). "In the context of the disclosure of police files, courts have recognized that privacy rights are not inconsequential." Soto, 162 F.R.D. at 616. "[F]ederal courts generally should give some weight to privacy rights that are protected by state constitutions or state statutes." Kelly, 114 F.R.D. at 656. "However, these privacy interests must be balanced against the great weight afforded to federal law in civil rights cases against police departments." Soto, 162 F.R.D. at 616.

The Court acknowledges Defendant's interest in his privacy, but also recognizes that courts have fulfilled a plaintiff's need for discovery while protecting a defendant's privacy by ordering the production of documents subject to a protective order limiting the access to the material at issue to plaintiff, his counsel and those experts who require such information to formulate an opinion. Soto, 162 F.R.D. at 617.

Accordingly, the Court overrules all of Defendant's objections to the production of documents responsive to RPD Nos. 11, 13, 14, 16, and 17, and Defendant will be directed to produce responsive documents within fourteen days from the date of this Order. Defendant may move for a protective order, if he so wishes.

### C. Miscellaneous

In the third and final group of requests, Plaintiff seeks various, miscellaneous documents, including Defendant's disciplinary records (RPD No. 10); all CDCR rule violation reports ("RVR") written/authored by Defendant (RPD No. 12); all verdicts, settlements, or releases in civil cases involving Defendant (RPD No. 15); and all medical reports "documenting [Defendant]'s person" (RPD No. 18).

Plaintiff's motion will be denied as to these requests because the documents sought are either intended for an improper purpose (e.g., to demonstrate Defendant's propensity for excessive force, see Fed. R. Evid. 404(b)(1)) or not relevant to this action (the litigation records involving Defendant, all RVRs authored by Defendant, and

Defendant's medical records). The considerations mentioned in subsection II.A., supra, are also relevant here.

### III. Plaintiff's July 18, 2016, Motion to Compel

In the July 18, 2016, motion to compel, Plaintiff seeks an order directing Defendant "to answer fully" certain interrogatories propounded on May 19, 2016. The interrogatories at issue are reproduced here:

- Interrogatory No. 15: Prior to November 30, 2014, how often had you worked in CCI on Facility 4A in Building 6?

- Interrogatory No. 16: Prior to May 13, 2015, how often had you worked in CCI on Facility 4B in Building 3?

- Interrogatory No. 17: While working with and for the CDCR, have you ever been disciplined for any type of misconduct, misbehavior, etc. whatsoever?

- Interrogatory No. 21: Throughout your working history with the CDCR, have you been accused by any prisoners of using unnecessary or excessive force? If so, how many times?

- Interrogatory No. 23: Do you work alot [sic] of overtime? If so, approximately how many hours per week overtime?

- Interrogatory No. 25: Have you ever been arrested, accused, or convicted of a crime? If yes, explain.

Plaintiff's motion will be denied as to Interrogatory Numbers 15-16 and 23 as lacking relevance to the sole viable claim in this case. Though Plaintiff contends that this information is relevant to show that Defendant habitually volunteers to work in areas where Plaintiff is housed so as to "peer pressure and motivate other staff to attack Plaintiff without justification or provocation," such information would have no bearing on whether Defendant exhibited excessive force against Plaintiff on July 10, 2013.

Plaintiff's motion will also be denied as to Interrogatory Numbers 17, 21, and 25 because Plaintiff seeks to introduce this evidence to demonstrate Defendant's

propensity for misconduct, which is inadmissible pursuant to Federal Rule of Evidence 404(b). Insofar as Plaintiff seeks to use this information to demonstrate that supervisory officials were aware of Defendant's propensity towards misconduct and failed to act, the Court notes that there are no other claims or Defendants in this action. As such, this information is irrelevant.

### IV.   Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's July 5, 2016, motion to compel (ECF No. 67) is GRANTED IN PART as follows:

    a. Defendant shall submit responsive documents to RPD Nos. 11, 13, 14, 16, and 17 within fourteen (14) days from the date of this Order.

    b. The responsive documents shall be produced for the purposes of this litigation only and shall be made available only to the parties, their counsel, experts, if any, and to the Court. These documents shall be returned to Defendant (and all copies destroyed) upon the entry of judgment in this action unless an appeal is filed, in which case said documents shall be returned (and all copies destroyed) upon the conclusion of the appeal.

    c. Plaintiff's motion is DENIED as to all other requests; and

2. Plaintiff's July 18, 2016, motion to compel (ECF No. 69) is DENIED.

IT IS SO ORDERED.

Dated:   August 26, 2016         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE