UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH LEROY MCCOY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. RAMIREZ, et al.,<br><br>　　　　Defendants. | CASE NO. 1:13-cv-01808-MJS (PC)<br><br>**ORDER**<br><br>**(1) GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL;**<br><br>**(2) GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER;**<br><br>**(3) GRANTING PLAINTIFF'S MOTION FOR MODIFICATION OF DISCOVERY AND SCHEDULING ORDER;**<br><br>**(4) DENYING PLAINTIFF'S MOTION FOR CIVIL SUBPOENA; AND**<br><br>**(5) DENYING PLAINTIFF'S MOTION FOR SANCTIONS.**<br><br>**(ECF Nos. 79, 80, 82, 85, 86)**<br><br>**SEVEN-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter proceeds against Defendant Jason Ramirez on an Eighth Amendment excessive force claim. Both parties have consented to the jurisdiction of a magistrate judge.

The following motions are now pending before the Court: (a) Plaintiff's motion to compel (ECF No. 79), (b) Plaintiff's motion for modification of the March 17, 2016, Discovery and Scheduling Order ("DSO") (ECF No. 80), (c) Plaintiff's motion for civil subpoena (ECF No. 82), (d) Defendant's motion for protective order (ECF No. 85), and (e) Plaintiff's motion for sanctions (ECF No. 86).

## I.        Relevant Procedural History

After Plaintiff initiated this action on November 8, 2013, his complaint was dismissed with leave to amend for failure to state a claim. (ECF No. 9.) Plaintiff then filed a first amended complaint, which was found to state an excessive force claim against Defendant Ramirez. (ECF No. 12.)

Rather than proceeding on the first amended complaint as screened, Plaintiff filed a second amended complaint. The second amended pleading was screened and again found only to state an excessive force claim against Defendant. (ECF No. 33.) Service was thus ordered, and Defendant filed an Answer on February 18, 2016.

On March 17, 2016, a Scheduling Order issued setting November 17, 2016, as the discovery deadline, and January 26, 2017, as the deadline for filing dispositive motions. (ECF No. 58.)

## II.       Relevant Legal Standards

The following legal standards are applicable to the various motions addressed below:

Federal Rule of Civil Procedure 26(b)(1) sets forth the following standard

pertaining to discovery of relevant evidence:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Limitations to discovery are set forth in Federal Rule of Civil Procedure 26(b)(2)(C), which provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828,

833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

The Court is vested with broad discretion to manage discovery; notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant, and so, to the extent possible, the Court endeavors to resolve Plaintiff's motion to compel on its merits. Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**III.   Discussion**

    **A.   Plaintiff's Motion to Compel**

In the October 11, 2016, motion to compel, Plaintiff moves for the second time for further responses to his First Request for Production of Documents ("RPD"). Additionally, Plaintiff moves for the first time to compel further responses to Interrogatory No. 13 from his First Set of Interrogatories. Defendant opposes the motion.

        **1.   Document Requests**

On July 5, 2016, Plaintiff moved to compel further responses to a number of document requests that he served on March 24, 2016. (ECF No. 67.) As relevant here, Plaintiff sought the following documents in connection with the excessive force claim: any statements made by officers to investigators (RPD No. 11), all written statements "identifiable as reports" (RPD No. 13); all California Department of Corrections and Rehabilitation ("CDCR") forms (3010, 3011, 3012, 3014, 3015, 3034, and 3036) (RPD

No. 14); all internal affairs allegations logs (RPD No. 16); and the confidential request for an internal affairs investigation (RPD No. 17).

On August 26, 2016, the undersigned granted Plaintiff's motion to compel as to RPD Nos. 11, 13, 14, 16, and 17 after overruling Defendant's confidentiality and privacy objections. (ECF No. 74.) As to the confidentiality objections, the Court found Defendant's privilege log tardy and materially deficient and his confidentiality argument legally insufficient in failing to comply with prerequisites for asserting privilege. Defendant was thus directed to submit supplemental responses to these discovery requests within fourteen days.

In response to the Court's order, defense counsel filed a declaration on September 9, 2016, stating that he had previously produced all documents responsive to RPD Nos. 11 and 13, and that he was not in possession of any documents responsive to RPD Nos. 14, 16, or 17. Decl. of Matthew Roman in Resp. to Court Order (ECF No. 75.) As to RPD Nos. 14, 16 and 17, counsel declared that he spoke to Defendant and the litigation coordinator at the prison to confirm that no such documents exist. Roman Decl. ¶ 6.

One month later, on October 11, 2016, Plaintiff filed the instant motion to compel challenging Defendant's claims that no further responsive documents exist or that Defendant is not in possession of them. Plaintiff argues that Defendant (1) failed to support his claims with an affidavit or declaration from a prison official with knowledge of the matters attested to and (2) failed to specify whether the documents ever existed. Plaintiff also doubts the truthfulness of the custodian of the documents, Marion Dailo, as he was the individual who interviewed Plaintiff following the excessive force incident.

In his opposition to the instant motion, Defendant describes a continued search for documents responsive to Plaintiff's discovery requests. Def.'s Opp'n at 2. According to Defendant, the ongoing search has produced several additional documents in response to RPD Nos. 11, 13, and 14. Defendant here seeks a protective order as to

those newly discovered documents. The documents are described as follows: (1) the Confidential Supplement to Appeal – "Appeal Inquiry," dated August 29, 2013; (2) the Memorandum RE Staff Complaint Letter from Inmate McCoy, dated August 20, 2013; (3) the CDCR Form 3014 – Report of Findings – Inmate Interview, dated August 20, 2013; (4) the Memorandum Regarding Initial Allegation of Excessive or Unnecessary Force, dated July 23, 2013; (5) the Memorandum Regarding Administrative Review, dated August 5, 2013; and (6) the Memorandum Regarding Allegation of Excessive or Unnecessary Force, dated September 10, 2013. Defendant claims these documents are confidential pursuant to California Code of Regulations Title 15 § 3084.9(i) and are subject to the official information privilege.

Pursuant to Federal Rule of Civil Procedure 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden and expense are grounds for the issuance of a protective order. Additionally, the assertion of a privilege is governed by Rule 26(b)(5), which directs a party seeking to withhold otherwise discoverable information to expressly make the claim and describe the nature of the documents not produced and to do so in a manner that would enable other parties to assess the claim.

Under California Code of Regulations Title 15 § 3084.9(i)(3), one of two things is to ensue from the filing of a grievance deemed to be a staff complaint: a CDCR staff member is to review the complaint and determine if the allegations warrant a request for an Internal Affairs investigation if the alleged conduct would likely lead to adverse personnel action, § 3084.9(i)(3)(A), or the allegations do not warrant a request for an internal affairs investigation in which case a confidential inquiry will be completed by the reviewer, § 3084.9(i)(3)(B). The appellant is ultimately informed of the results of this investigation pursuant to § 3084.9(i)(4), but the confidential report is ultimately kept only in the appeal file in the Appeals Office, § 3084.9(i)(3)(B)(1). "This document is strictly

confidential to all inmates and any staff except those involved in the inquiry process or litigation involving the department." § 3084.9(i)(3)(B)(1).

It appears Plaintiff's staff complaint was not referred for an Internal Affairs investigation and so was instead subject to a confidential inquiry. See Def.'s Mot. Prot. O. at 5. Defendant argues that portions of the results of this confidential inquiry "contain statements from non-party inmates and non-party correctional officers" and, as such, are subject to the official information privilege. In support, Defendant has now submitted a declaration of the Custodian of Records, M. Dailo, who states that the information in these records must be protected from disclosure for the safety and security of the institution, its employees and the inmates. See Decl. of M. Dailo in Supp. Def.'s Mot. Prot. O. (ECF No. 85-2) ¶¶ 2-6. Ms. Dailo further declares that the disclosure of these reports would undermine the investigative process. Id. ¶ 7.

The Court rejected Defendant's initial assertion of the official information privilege in its August 26, 2016, Order because of Defendant's failure to provide a timely and adequate privilege log and his failure to comply with the requirements for asserting the privilege. Defendant's attempt to re-assert the privilege now is not well-taken. Defendant claims that the documents subject to this renewed assertion were only recently identified.  However, under CDCR policy, these reports are routinely prepared following an excessive force incident.  It is difficult to imagine how/why they were not located, identified, and produced earlier and/or made the subject of a privilege claim in response to Plaintiff's initial discovery request. Reasonable inquiry should have identified them months ago. Plaintiff's requests were not vague; he identified by number specific CDCR forms related to investigations of staff complaints (e.g., RPD No. 16 identified "CDCR Form 2140, Internal Affairs Allegations Logs…"; RPD No. 17 identified "CDCR Form 989, Confidential Request for Internal Affairs Investigation…"). Defendant was, of course, aware of the confidential inquiry, having admitted having been interviewed in the investigation following the incident. Finally, the  Court notes that Defendant's motion for

a protective order is tardy, having been filed after the current discovery deadline and two weeks after he filed his opposition to the instant motion.

In light of the routine nature of these documents and the multiple opportunities that Defendant has now had to identify them and/or seek timely protection from disclosure, Defendant's motion for protective order will be granted in part, and Plaintiff's motion to compel will be granted. Out of deference to the possibility that blanket disclosure could conceivably jeopardize the safety and security of inmates and staff members, Defendant will be directed to produce the documents after redacting the last names of individuals not previously identified by either party during the course of this litigation. Defendant must simultaneously provide to the Court unredacted copies for *in camera* review and release if and as the Court deems appropriate.

**2.     Interrogatory No. 13**

Also at issue in the instant motion is Defendant's response to Interrogatory No. 13, which was first served on May 19, 2016, and which asked "Were you ever interviewed regarding Plaintiff McCoy filing a grievance against you for unnecessary and excessive force against him? If so, by who [sic]?" Pl.'s MTC Ex. A (ECF No. 79 at 16-18).

Defendant responded to Interrogatory No. 13 as follows

> Responding Party objects to this interrogatory on the grounds that it is compound. Subject to and without waiving said objections, Responding Party responds as follows:
>
> Responding Party was interviewed regarding the allegations in the appeal. Responding Party does not recall who conducted the interview.

Pl.s MTC Ex. B (ECF No. 79 at 26).

Plaintiff argues that Defendant's answer is evasive to the extent he claims not to remember who interviewed him. Plaintiff believes that Marion Dailo, the current Custodian of Records, conducted this interview. Defendant admits this to be true and will


supplement his response accordingly. Plaintiff's motion for further responses to Interrogatory No. 13 will therefore be denied as moot.

### B. Plaintiff's Motion for Civil Subpoena

Plaintiff next moves for a civil subpoena to conduct audiovisual depositions of Defendant and other witnesses. Defendant has not filed an opposition or statement of non-opposition to this motion.

#### 1. Deposition of Defendant

Plaintiff's motion for a civil subpoena to depose Defendant will be denied. subpoenas are directed to non-parties. See Adv. Comm. Note to 1991 Amendment to Fed. R. Civ. P. 45(a). Plaintiff does not need leave of Court or a subpoena to depose Defendant. As to the officials and staff at the institution where Plaintiff is housed, the Court does not have jurisdiction over them and cannot order a video deposition.

Under the Federal Rules of Civil Procedure, depositions may be taken orally or by written questions. Fed. R. Civ. P. 30, 31. "A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). "The party who notices the deposition must state in the notice the method for recording the testimony." Fed. R. Civ. P. 30(b)(3)(A). The noticing party must also bear costs of recording the deposition. Id. In addition, that party must arrange for an officer to conduct the depositions (absent a stipulation by all parties otherwise). Fed. R. Civ. P. 30(b)(5)(A).

Depositions by written questions must be taken pursuant to the procedures set forth under Federal Rule of Civil Procedure 31. As explained by another court:

> The deposition upon written questions basically would work as follows: The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have

>           time to send to the prisoner written cross-examination
>           questions for the witness, the prisoner would then have time
>           to send to defendant written re-direct questions for the
>           witness, and the defendant would have time to send to the
>           prisoner written re-cross-examination questions for the
>           witness[.]

Harrell v. Jail, No. 2:14-cv-1690-TLN-CKD P, 2015 WL 8539037, at *1-2 (E.D. Cal. Dec. 11, 2015) (quoting Brady v. Fishback, No. 1:06-cv-00136-ALA (P), 2008 WL 1925242, at *1-2 (E.D. Cal. April 30, 2008)).

Under either scenario, Plaintiff's in forma pauperis status does not entitle him to free services from the Court, such as scheduling, conducting, or recording the deposition, or to utilize Defendant's resources for the deposition. See, e.g., Brooks v. Tate, No 1:11-cv-01503-AWI-DLB PC, 2013 WL 4049053, *1 (E.D. Cal. Aug. 7, 2013) (indigent prisoner not entitled to take the depositions of defendant and non-party witnesses during his own deposition).

### 2. Deposition of Non-Parties

Plaintiff also seeks to depose "numerous" witnesses to the excessive force incident, though he identifies only Correctional Officer R. Mullins.

Under Rules 30(a)(1) and 31(a)(1) of the Federal Rules of Civil Procedure, Plaintiff may depose any person by oral examination or written questions, respectively, without leave of court. Pursuant to both Rules, the deponent's attendance may be compelled by subpoena under Rule 45.

Plaintiff has indicated his intent to proceed with oral depositions of non-parties. Pursuant to Rule 45(a)(1)(B), "[a] subpoena commanding the attendance at a deposition must state the method for recording the testimony." Plaintiff is also required to tender witness fees and mileage pursuant to Rule 45(b)(1). As noted supra, "Plaintiff's in forma pauperis status ... does not entitle him to waiver of witness fees, mileage or deposition officer fees." Jackson v. Woodford, 2007 WL 2580566, at *1. (S.D. Cal. August 17, 2007).

Since Plaintiff has not proffered any fees or indicated his ability to do so, his motion will be denied without prejudice.

### C. Plaintiff's Motion for Modification of Discovery and Scheduling Order

Next, Plaintiff moves for a modification of the scheduling order in light of Defendant's repeated failures to respond properly to Plaintiff's document requests. Plaintiff also claims that he needs additional time to obtain a declaration from an inmate witness. He contends that he had one in his possession, but it was stolen and destroyed by unidentified correctional officers. Plaintiff has attempted to obtain correspondence approval to contact this inmate witness, but his attempts have been unsuccessful thus far. Defendant has not filed an opposition or statement of non-opposition to this motion.

Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992) (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order has the burden to demonstrate:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her

11

>efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

Id. at 608 (internal citations omitted).

In light of Defendant's failure to submit responsive documents to Plaintiff's discovery requests or to move for protection from disclosure in a timely manner, the Court finds good cause to modify the scheduling order.

### D. Plaintiff's Motion for Sanctions

Lastly, Plaintiff moves for sanctions in the form of a default judgment in light of Defendant's dilatory and evasive discovery-related conduct. Defendant has not filed an opposition or statement of non-opposition to this motion.

To determine whether a default judgment is an appropriate sanction, courts look to five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)). "This 'test' in not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions ...." Id.

Having considered the above factors, the undersigned concludes that a discovery sanction in the form of a default judgment is not warranted at this time. Although Defendant's failure to identify and produce routine documents is troubling and his explanation for the delayed protective order is more so, the Court finds that the public policy favoring disposition of cases on their merits and the availability of less drastic sanctions (in this case, the production of the documents pursuant to a protective order) weigh against a default judgment.

Accordingly, Plaintiff's motion will be denied.

**IV.    Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Plaintiff's Motion to Compel (ECF No. 79) is GRANTED IN PART;

2.  Defendant's Motion for Protective Order (ECF No. 85) is GRANTED IN PART;

3.  Defendant shall produce the documents identified supra within seven (7) days from the date of this Order and pursuant to the following protective order:

    a.  The responsive documents shall be produced for the purposes of this litigation only and shall be made available only to the parties, their counsel, experts, if any, and to the Court.

    b.  These documents shall be returned to Defendant (and all copies destroyed) upon the entry of judgment in this action unless an appeal is filed, in which case said documents shall be returned (and all copies destroyed) upon the conclusion of the appeal.

    c.  Defendant shall redact the last names of individuals not previously identified by either party during the course of this litigation.

    d.  Defendant must simultaneously provide to the Court unredacted copies for in camera review and release if and as the Court deems appropriate.

    e.  Defendant's failure to produce these documents may result in sanctions, including the entry of default judgment.

4.  Plaintiff's Motion for Subpoenas (ECF No. 82) is DENIED;

5.  Plaintiff's Motion for a modification of the Discovery and Scheduling Order (ECF No. 80) is GRANTED.

    a.  The discovery deadline is extended to February 1, 2017; and

   b. The dispositive motion deadline is extended to March 15, 2017.

 6. Plaintiff's Motion for Sanctions (ECF No. 86) is DENIED.

IT IS SO ORDERED.

Dated:   December 19, 2016     /s/ *Michael J. Seng*
                UNITED STATES MAGISTRATE JUDGE