UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH LEROY MCCOY,<br><br>　　　Plaintiff,<br><br>　v.<br><br>J. RAMIREZ, et al.,<br><br>　　　Defendants. | CASE NO. 1:13-cv-01808-MJS (PC)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER**<br><br>**(ECF No. 89)** |

　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter proceeds against Defendant Jason Ramirez on an Eighth Amendment excessive force claim. Both parties have consented to the jurisdiction of a magistrate judge.

　　　Pending now is Defendant's December 19, 2016, motion for protective order. (ECF No. 89.) Plaintiff has not filed an opposition, and the time for filing one has now passed. See E.D. Local Rule 230(*l*).

Defendant's motion concerns two matters: (1) Plaintiff's October 24, 2016, "Application for Civil Subpoena" to conduct an audiovisual deposition of Defendant and other witnesses (ECF No. 82), and (2) Plaintiff's October 24, 2016, "First Demand for Inspection and Photographing."

## I.     Plaintiff's Application for Civil Subpoena

On October 24, 2016, Plaintiff filed an "Application for Civil Subpoena" to depose Defendant and non-party witnesses. (ECF No. 82.) This application was denied on December 19, 2016, and Plaintiff was informed of the requirements for deposing parties and non-parties, including the payment of all costs and fees associated with the depositions. (ECF No. 91.) Insofar as Defendant's present motion for protective order is based in part on this Application, it will be denied as moot since the Application has already been denied.

## II.    Plaintiff's Demand for Inspection and Photography

Also on October 24, 2016, Plaintiff served on Defendant a request to conduct a site inspection and take photographs of Facility 4B at the California Correctional Institution ("CCI") in Tehachapi, California. On November 28, 2016, Defendant served an objection. On December 16, 2016, Defendant filed the instant motion for protective order on the grounds that Plaintiff's request would cause an undue burden and expense, is irrelevant, and carries a security risk.

### A.     Legal Standards

Federal Rule of Civil Procedure 26(b)(1) sets forth the following standard pertaining to the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

A party may move for a protective order pursuant to Federal Rule of Civil Procedure 26(c), and a Court may grant such a motion on a showing of good cause, on the grounds that a discovery request would cause annoyance, embarrassment, oppression, or undue burden or expense.

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

### B. Analysis

Defendant contends that Plaintiff's request to inspect and photograph Facility 4B at CCI would cause an undue burden and expense on the California Department of Corrections and Rehabilitation because Plaintiff, who is currently housed at Kern Valley State Prison in Delano, CA (ECF No. 92), would have to be transferred to CCI and then employ extra staff to escort him during the inspection, provide the camera and other necessary equipment, and take the photographs. Defendant also claims that inspection and photographs of the institution are irrelevant since the layout and physical features of the facility have no bearing on Plaintiff's ability to prove his claim that Defendant Ramirez used excessive force in pushing Plaintiff into a door on an escort from the CCI law library to Plaintiff's cell.

The Court finds that Defendant has demonstrated good cause for the issuance of a protective order with regard to Plaintiff's request to inspect and photograph Facility 4B at CCI. In the absence of any objections from Plaintiff, the motion will be granted.

### III. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's December 16, 2016, motion for protective order (ECF No. 89) is GRANTED IN PART. Plaintiff shall

not be permitted to conduct a site inspection or take photographs of Facility 4B at CCI.

IT IS SO ORDERED.

Dated: January 15, 2017        /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE