UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH LEROY MCCOY,<br><br>　　Plaintiff,<br><br>　v.<br><br>J. RAMIREZ, et al.,<br><br>　　Defendants. | CASE NO. 1:13-cv-01808-MJS (PC)<br><br>**ORDER**<br><br>**(1) GRANTING IN PART PLAINTIFF'S JANUARY 23, 2017, MOTION TO COMPEL;**<br><br>**(2) GRANTING PLAINTIFF'S JANUARY 27, 2017, MOTION TO COMPEL; AND**<br><br>**(3) DEYING PLAINTIFF'S FEBRUARY 13, 2017, MOTION TO VACATE ORDER**<br><br>**(ECF Nos. 95-96, 98)** |

　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter proceeds against Defendant Jason Ramirez on an Eighth Amendment excessive force claim. Both parties have consented to the jurisdiction of a magistrate judge.

　　This case is before the Court on Plaintiff's January 23 and 27, 2017, motions to compel and a February 13, 2017, motion to vacate court order. (ECF Nos. 95-96, 98.) Defendant opposes the motions.

## I. Relevant Procedural History

Plaintiff initiated this action on November 8, 2013, and is proceeding on a Second Amended Complaint, filed June 22, 2015, on a single excessive force claim. The discovery deadline in this case was February 1, 2017, and the dispositive motion deadline was March 15, 2017. (ECF Nos. 58, 91.)

## II. The Parties' Discovery Efforts

The parties' discovery efforts in this single-claim, single-Defendant case have been marred by ongoing disputes. Since the beginning of the discovery period, Plaintiff has filed six motions to compel and/or motions for sanctions (ECF Nos. 67, 69, 79, 86, 95, 96). Defendant, for his part, has filed two motions for protective order. (ECF Nos. 85, 89.) These motions relate to Plaintiff's propounded discovery as follows:

### A. Requests for Admissions

On October 20, 2016, Plaintiff served his Request for Admissions ("RFA"). Defendant responded on November 16, 2016.

Plaintiff's pending January 23, 2017, motion to compel concerns Defendant's responses to RFA Nos. 2, 8, and 10. (ECF No. 95.) This motion will be addressed herein.

### B. Requests for Production of Documents

#### 1. Set One

On March 24, 2016, Plaintiff propounded Set One Request for Production of Documents ("RPD"). On April 12, 2016, Defendant served responses, which included the production of some documents and objections to producing certain others.

Plaintiff's July 5, 2016, Motion to Compel (ECF No. 67) challenged some of Defendant's responses to specific document production requests. That motion was granted in part on August 26, 2016 (ECF No. 74), and Defendant was directed to submit further responses to Set One RPD Nos. 11, 13, 14, 16, and 17.

On October 11, 2016, Plaintiff filed another motion to compel concerning Defendant's supplemental responses to Set One RPD Nos. 11, 13, 14, 16, and 17. (ECF No. 79.)

On December 19, 2016, Plaintiff's motion to compel was granted in part, Defendant's related motion for protective order was granted in part, and Defendant was directed to produce additional documents to Plaintiff with redactions. (ECF No. 91.)

In the pending January 27, 2017, motion to compel, Plaintiff claims that he has not yet received the redacted documents. (ECF No. 96.) Defendant will thus be directed to re-serve those documents on Plaintiff.

### 2. Set Two

On October 13, 2016, Plaintiff served Set Two Request for Production of Documents. Defendant served his responses on November 16, 2016.

Plaintiff's pending January 23, 2017, motion to compel concerns Defendant's responses to Set Two RPD Nos. 1-9. (ECF No. 95.) This motion will be addressed herein.

### C.  Interrogatories

### 1.  First Set

On May 12, 2016, Plaintiff served his First Set of Interrogatories (Nos. 1-25). Defendant served his responses on June 16, 2016.

Plaintiff's July 18, 2016, motion to compel concerned Defendant's response to Interrogatory Nos. 15, 16, 17, 21, 23, and 25. (ECF No. 69.) Plaintiff's motion was denied on August 29, 2016. (ECF No. 74.)

In his October 11, 2016, motion to compel referred to supra, Plaintiff also sought to compel further response to Interrogatory No. 13 from his First Set of Interrogatories. (ECF No. 79.) This portion of the motion was denied on December 19, 2016. (ECF No. 91.) These responses are not in dispute.

### 2. Second Set

On October 20, 2016, Plaintiff served his Second Set of Interrogatories (Nos. 1-23). On November 16, 2016, Defendant objected to each of these interrogatories on the ground that Plaintiff exceeded the number of permissible interrogatories.

Plaintiff's pending January 23, 2017, motion to compel concerns Defendant's response to Set Two Interrogatory Nos. 1-23. (ECF No. 95.) This motion will be addressed herein.

### D. Demand for Inspection and Photographing

On October 20, 2016, Plaintiff served his First Demand for Inspection and Photographing. Defendant served his response to this request on November 28, 2016.

On December 19, 2016, Defendant moved for a protective order concerning this request. (ECF No. 89.) His motion was granted on January 17, 2017, after Plaintiff failed to file an opposition. (ECF No. 94.)

Plaintiff's pending January 23, 2017, motion to compel and his February 13, 2017, motion to vacate court order (ECF No. 98) relate to Defendant's response to his request for inspection and photographing and the Court's order granting Defendant's motion for protective order. (ECF No. 95.) These motions will be addressed herein.

## III. Legal Standards

Federal Rule of Civil Procedure 26(b)(1) sets forth the following standard pertaining to relevance:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

4

Limitations to discovery are set forth in Federal Rule of Civil Procedure 26(b)(2)(C), which provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

The Court is vested with broad discretion to manage discovery and

notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve Plaintiff's motion to compel on its merits. Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

## IV.  Analysis

### A.  Requests for Admissions

Plaintiff moves to compel further responses to RFA Nos. 2, 8 and 10, which are reproduced here:

- **RFA No. 2**: Admit that you went to Plaintiff's cell, FAA-4A-105L, on July 10, 2013 to provide him with a copy of the CDC Form 128-B which documented your encounter with him.
- **RFA No. 8**: Admit that within 72 hours of Plaintiff filing the complaint against you, you did review the allegations he made against you.
- **RFA No. 10**: Admit that Plaintiff did not sign any documents on July 10, 2013 to verify or acknowledge that he received the CDC 128-B chrono you authored and placed into his Central Filed dated July 10, 2013.

Defendant's response to each of these RFAs was a denial based on lack of information and belief. He also objected to RFA No. 8 as vague and ambiguous because he claimed not to know what Plaintiff meant by "Complaint."

Federal Rule of Civil Procedure 36(a)(4) provides as follows:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that

>the information it knows or can readily obtain is insufficient to enable it to admit or deny.

A party may not avoid responding to a request for admission "based on an overly-technical reading of the request." U.S. ex rel. Englund v. Los Angeles County, 235 F.R.D. 675, 684 (E.D. Cal. 2006); Marchand v. Mercy Medical Center, 22 F.3d 933, 936 (9th Cir.1994) (parties responding to requests for admission "should focus on the goal of the Rules, full and efficient discovery, not evasion and word play"). "[I]t is not ground for objection that the request is 'ambiguous' unless so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should 'admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.'" Englund, 235 F.R.D. at 685 (quoting Marchand, 22 F.3d at 938). "For example, a party who is unable to agree with the exact wording of the request for admission should agree to an alternate wording or stipulation." Englund, 235 F.R.D. at 684 (citing Marchand, 22 F.3d at 938); see also Eichler v. Tilton, 2010 WL 3734023 at *6 (E.D. Cal. 2010) (approving responding party's alternate phrasing of admission where request was "vague and confusing").

On review, the Court agrees with Plaintiff that Defendant's original responses to RFA Nos. 2, 8 and 10 were deficient. In his opposition, Defendant has supplemented his responses to each of these requests after reviewing relevant records. Plaintiff has offered no objections to these supplemental responses.

Accordingly, Plaintiff's motion to compel will be granted as to RFA Nos. 2, 8, and 10, and Defendant's supplemental responses will be deemed amended answers pursuant to Rule 36(a)(6) ("On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."). No further response will be required.

B. **Requests for Production**

Plaintiff next moves to compel further responses to Set Two RPD Nos. 1-9:

1. **RPD No. 1**: California Department of Corrections and Rehabilitation's ["CDCR"] written description of procedures for investigating complaints.

Defendant objected to this request on a number of grounds, including relevance. In his motion, Plaintiff argues that this information will show that Defendant was aware of Plaintiff's complaint and, in response, placed a chrono in his C-File to cover up his conduct.

It bears repeating here that Plaintiff is proceeding on a single excessive force claim against Defendant. He is not proceeding on a cover-up claim or a due process claim concerning the allegedly falsified chrono placed in his C-File. Because Plaintiff fails to explain how the information requested would make it more or less likely that Defendant used excessive force in this case, his motion will be denied as to RPD No. 1.

2. **RPD No. 2**: Defendant Jason Ramirez's text messages for a 90-day period from the date of the incident, July 10, 2013.

Defendant asserted multiple objections in response to this request, including relevance. While Plaintiff claims the text messages will help him determine Defendant's version of the July 10, 2013, incident, this request amounts to nothing more than a fishing expedition. See Rivera v. Nibco, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"). Plaintiff's motion will be denied as to RPD No. 2.

3. **RPD No. 3**: California Correctional Peace Officer Association Bargaining Rules.

Defendant asserts another relevance objection in response to this request. Plaintiff counters that "[t]his information will lead to the discovery that Defendant knew Plaintiff filed a complaint against him, Defendant knew the subject matter of the

complaint, and Defendant, in response to the complaint, in turn placed a chrono into Plaintiff's C-File alleging he was threatened by Plaintiff." For the aforementioned reasons, Plaintiff has not sufficiently demonstrated that this information will assist him in the prosecution of his excessive force claim. Accordingly, his motion will be denied as to RPD No. 3.

    4.    **RPD No. 4**: Five year financial record history of Defendant.

Defendant objected to this request on grounds of vagueness and overbreadth, relevance, undue burden, and privacy. Plaintiff claims this information is relevant to his request for punitive damages.

Although Defendant objects on relevancy grounds, a Defendant's financial information is relevant to a Plaintiff's claim for punitive damages and within the scope of permissible discovery. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 269 (1981) ("By allowing juries and courts to assess punitive damages in appropriate circumstances against the offending official, based on his personal financial resources, [42 U.S.C. § 1983] directly advances the public's interest in preventing repeated constitutional deprivations."); Fair Hous. Council of Cent. Cal., Inc. v. Nunez, 2011 WL 5320981, at *2 (E.D. Cal. Nov. 3, 2011). Although the Ninth Circuit has not established "the parameters of the dissemination of financial information during discovery when punitive damages are alleged," a majority of federal courts do not require the plaintiff to make a prima facie showing that punitive damages may be recovered "to discover information relating to the Defendant's financial condition in advance of trial." EEOC v. Cal. Psych. Transitions, 258 F.R.D. 391, 394-95 (E.D. Cal. 2009). Consequently, the information Plaintiff seeks through these discovery requests to determine Defendant's net worth is relevant and within the scope of discovery.

Nonetheless, the undersigned agrees with Defendant that, as worded, Plaintiff's request is overly broad as to time (a five-year period) and vague as to scope ("financial record history" does not fairly identify the nature of the documents that Plaintiff seeks).

These objections will therefore be sustained, and Plaintiff's motion will be denied as to RPD No. 4.

        5. **RPD No. 5**: Any and all memorandums relating to the incident that forms the basis of this action on July 10, 2013.

Defendant initially objected to this request on grounds of vagueness and overbreadth, privacy, and confidentiality. He also claimed to have produced all responsive documents when responding to previous document requests, and that any other responsive documents are protected from disclosure as confidential. In support, he claimed to have submitted a privilege log and a declaration from M. Dailo, the litigation coordinator.

Plaintiff, who does not elaborate on what is meant by "[a]ny and all memorandums," argues only that the information is relevant and that he did not receive a privilege log or a declaration with Defendant's objections to RPD No. 5.

In his opposition, Defendant asserts that he has submitted all responsive documents that are covered by this request when responding to Plaintiff's other discovery requests and to this Court's orders.

While the scope of Set Two RPD No. 5 is unclear, the undersigned is convinced that it is fairly encompassed by Set One RPD No. 11 (statements made by officers to investigators), RPD No. 13 (all written statements "identifiable as reports"); RPD No. 14 (all CDCR forms (3010, 3011, 3012, 3014, 3015, 3034, and 3036)[1]); RPD No. 16 (all internal affairs allegations logs); and RPD No. 17 (the confidential request for an internal affairs investigation). The undersigned also concludes that Defendant has responded to these requests to the Court's satisfaction. (See ECF Nos. 91, 93.)

Plaintiff's motion will therefore be denied as to RPD No. 5.

\

---

[1] These forms are completed following an internal CDCR review of the use of force by correctional officers. See Cal. Code Reg. § 3268.3(e).

10

6. **RPD Nos. 6-8**

- RPD No. 6: Staff procedure manuals for administrative segregation units at California Correctional Institution.
- RPD No. 7: Staff procedure manuals for segregated housing units at California Correctional Institution.
- RPD No. 8: Staff training manuals for both administrative and segregated housing units at California Correctional Institution.

Defendant objected to these requests as vague and ambiguous and irrelevant. He asserts that the policies and procedures for managing inmates in the administrative and segregated housing units are included in various sections in the California Code of Regulations and the Department Operations Manual, to which the plaintiff has access. He also argues that this information is irrelevant to Plaintiff's excessive force claim.

Plaintiff counters that Defendant had access to or possessed such materials "in order to facilitate his training with the Department" and further claims "[t]his material is relevant and necessary to point out, with certainty, what procedures were violated by Plaintiff in order to prove to a jury that Defendant acted with malice and was sadistic" and "…what training and procedures were knowingly violated and/or ignored to prove to a jury that Defendant acted maliciously and sadistically when he applied force."

Even if Defendant had access to other, unspecified training materials, Plaintiff has not sufficiently demonstrated how these manuals for either the administrative or segregated housing units have any bearing on his excessive force claim, which is premised on Defendant's conduct when escorting Plaintiff from the law library. In addition, Plaintiff has not shown how his or Defendant's failure to abide by any procedures lends support to a finding of maliciousness as opposed to, for example, mistake or carelessness.

For these reasons, Defendant's relevance objections are sustained.

7. **RPD No. 9**: Video interview of Plaintiff on July 11, 2013 regarding the incident.

Defendant initially objected to this request on the ground that inmates are not allowed to possess DVDs. In his opposition, Defendant claims that the DVD was made available to Plaintiff to view upon request. Since Plaintiff has not objected to this offer. His motion will be denied as moot as to RPD No. 9.

### C. Interrogatories

Defendant objected on November 16, 2016, to Plaintiff's Second Set of Interrogatories (Nos. 1-23) because Plaintiff exceeded the number of permissible interrogatories.

Pursuant to Federal Rule of Civil Procedure 33(a), "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."

Plaintiff moves to compel Defendant to respond those interrogatories in excess of the 25 interrogatory-limit on the ground that "Plaintiff has been relieved from this requirement pursuant to the Discovery and Scheduling Order." Pl.'s Jan. 23, 2017, Mot. to Compel at 18 (ECF No. 95.)

The Discovery and Scheduling Order does not authorize the parties to serve in excess of 25 interrogatories. Accordingly, Plaintiff's motion will be denied.

### D. Request for Inspection and Photographing

As noted supra, Plaintiff served a demand for inspection and photographing on October 20, 2016. In this request, Plaintiff sought to conduct a site inspection and take photographs of Facility 4B at the California Correctional Institution in Tehachapi, California. Defendant objected to this request on November 28, 2016, and then moved for a protective order on December 19, 2016. Defendant argued that Plaintiff's request would cause an undue burden and expense, is irrelevant, and carries a security risk.

After Plaintiff failed to file an opposition, the undersigned granted Defendant's motion on the merits on January 17, 2017.

In the pending motion to compel, Plaintiff responds in depth to each of Defendant's objections. Simultaneously, Plaintiff moves to set aside the Court's January 17, 2017, Order on the ground that he did not receive a copy of Defendant's motion for protective order[2] and therefore is unaware of the substance of Defendant's arguments. He seeks an opportunity to properly respond to them.

Plaintiff's request to vacate the January 17, 2017, Order will be denied because Plaintiff has in fact responded to each of Defendant's arguments in his own moving papers. He has thus had adequate opportunity to address the arguments that served as the basis of Defendant's motion for protective order.

Having considered Plaintiff's position and for the reasons set forth in January 17, 2017, Order, Plaintiff's motion to compel will be denied.

## V.  Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's February 13, 2017, motion to vacate (ECF No. 98) is DENIED;

2. Plaintiff's January 27, 2017, motion to compel (ECF No. 96) is GRANTED. Within seven days, Defendant shall re-serve on Plaintiff those documents subject to the Court's December 19, 2016, Order;

3. Plaintiff's January 23, 2017, motion to compel (ECF No. 95) is GRANTED IN PART. Defendant's supplemental responses to Plaintiff's RFA Nos. 1-3 are deemed amended answers. Plaintiff's motion is denied in all other respects; and

---

[2] Examination of the Proof of Service for Defendant's December 19, 2016, motion reveals that it was properly served on Plaintiff at his then-current address at CCI. (See ECF No. 89 at 8.) The docket, however, also reveals via Plaintiff's December 22, 2016, Notice of Change of Address that Plaintiff was transferred to Kern Valley State Prison in Delano, California on or around December 15, 2016. (ECF No. 92.) In light of these overlapping dates, it appears likely that Plaintiff indeed did not receive a copy of Defendant's properly-served motion.

4. The Court sua sponte extends that deadline for filing dispositive motions to April 3, 2017.

IT IS SO ORDERED.

Dated:   March 15, 2017                            /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE