UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH LEROY MCCOY,<br><br>      Plaintiff,<br><br>  v.<br><br>J. RAMIREZ, et al.,<br><br>      Defendants. | CASE NO. 1:13-cv-01808-MJS (PC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 102)**<br><br>**CLERK TO CLOSE CASE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's Second Amended Complaint on an Eighth Amendment excessive force claim against Defendant Correctional Officer ("CO") J. Ramirez. Both parties have consented to the jurisdiction of the undersigned.

Now pending is Defendant's motion for summary judgment, which Plaintiff opposes. The motion is fully briefed and ready for disposition.

**I.    Plaintiff's Allegations**

On July 10, 2013, CO Ramirez escorted Plaintiff in handcuffs from the law library to his cell. During escort, CO Ramirez asked Plaintiff, "What the fuck is your problem? You have an attitude with my partner and you're suing Cacciola." Plaintiff attempted to

defuse the situation by obeying orders, but CO Ramirez twice tried to push Plaintiff into a door, injuring Plaintiff's arm and wrist. Plaintiff saw a nurse for his injury and still has wrist problems.

## II. Legal Standards for Summary Judgment

Any party may move for summary judgment, and "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). If the movant will have the burden of proof at trial, it must demonstrate, with affirmative evidence, that "no reasonable trier of fact could find other than for the moving party." Id. at 984. In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." Id. (citing Celotex, 477 U.S. at 323). Once the moving party has met its burden, the nonmoving party must point to "specific facts showing that there is a genuine issue for trial." Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).

In ruling on a motion for summary judgment, a court does not make credibility determinations or weigh evidence. See Liberty Lobby, 477 U.S. at 255. Rather, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. Only admissible evidence may be considered in deciding a motion for summary judgment. Fed. R. Civ. P. 56(c)(2). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).

## III. Undisputed Facts

The facts underlying this action occurred while Plaintiff was housed at California Correctional Institution ("CCI") in Tehachapi, California, where Defendant CO Ramirez was employed as a CCI Correctional Officer. Decl. of J. Ramirez in Supp. of Def.'s Mot. Summ. J. (ECF No. 102-2) ¶ 1.

On July 10, 2013, CO Ramirez worked as an A-4 Search and Escort Officer. Ramirez Decl. ¶ 2. That morning, he and CO Mullins (not a party to this action) escorted Plaintiff from the law library back to his cell. Id. ¶ 2.

Per Defendant, CO Mullins placed Plaintiff in handcuffs prior to the escort, and CO Ramirez then held Plaintiff by the right bicep in order to begin the escort back to Plaintiff's cell. Ramirez Decl. ¶ 3. During the escort, Plaintiff used profanity and loudly complained that his handcuffs were too tight. Id. ¶ 4. CO Ramirez stopped to inspect Plaintiff's handcuffs. Id. After determining that there was sufficient space between the handcuffs, the officers continued the escort. Id. During the remainder of the escort, Plaintiff continued to use profanity to provoke CO Ramirez. Id. ¶ 5. When Plaintiff was returned to his cell, the handcuffs were removed. Id. ¶ 6. Following the escort, CO Ramirez drafted a General Chrono to document Plaintiff's incendiary behavior, which CO Ramirez construed as an attempt to instigate an altercation. Id. ¶ 7, Ex. A. Defendant denies using any force against Plaintiff during this escort. Id. ¶¶ 6, 8.

Per Plaintiff, CO Ramirez twice used his body weight to shove Plaintiff into a door. Sec. Am. Compl. ¶¶ 23-24. Each time, Plaintiff was able to avoid hitting the door and avoid falling. Id. As a result of this incident, Plaintiff claims that he experienced a sharp pain radiating from his left wrist into his left forearm. Id. ¶ 25. He also claims to have sustained a four-inch abrasion to the left arm and ongoing wrist pain and a popping sound in his wrist. Id. ¶¶ 29-30.

In support of his claim of injury, Plaintiff submits a Medical Report of Injury or Unusual Occurrence (a CDCR 7219 form) prepared by a CCI Registered Nurse. Pl.'s Opp'n, Ex. A. The report identifies the date of the cause of his injury as July 11, 2013, the day after the incident at issue here. Id. The nurse noted redness on Plaintiff's left forearm. Id. Notably, the nurse did not identify any abrasion, scratch, active bleeding, dried blood, cut, laceration, slash, or puncture on Plaintiff's left forearm. See id. There is also no mention of any wrist injury. See id.

**IV.   Discussion**

The Eighth Amendment prohibits cruel and unusual punishment. "[T]he unnecessary and wanton infliction of pain...constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitely v. Albers, 475 U.S. 312, 319 (1986).

"The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)) (internal quotations omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably

perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. Id. at 1178. Mere negligence is not actionable under § 1983 in the prison context. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

Defendant seeks summary judgment on the ground that the alleged use of force was de minimus.

Construing the facts in Plaintiff's favor, the evidence establishes that Defendant shoved Plaintiff twice into a door without provocation, but each time Plaintiff was able to avoid hitting the door or falling. Evidently the force used by Defendant was so minimal that a handcuffed inmate was twice able to avoid hitting anything or losing his footing. On these facts, the Court concludes that no reasonable juror would find that these two shoves were applied with anything more than a relatively small amount of force. See, e.g., Royal v. Knight, 2013 WL 6835188 (E.D. Cal. Dec. 20, 2013) (summary judgment entered for the defendant on excessive force claim based on a single de minimus shove that did not result in injury); Washington v. Duncan, 2011 WL 2020703 (N.D. Cal. May 24, 2011) (summary judgment entered for the defendant based on an excessive force claim that he shoved plaintiff against a fence causing plaintiff to bounce backwards).

. The nature and extent of Plaintiff's injuries must be considered in determining whether the evidence supports a reasonable inference that Defendant's alleged use of force was motivated by sadistic or malicious intent. Hudson, 503 U.S. at 7. While Plaintiff alleges that he suffered injuries as a result of these two shoves, there is no evidence linking those injuries to Defendant's conduct or even corroborating Plaintiff's claim of

5

wrist injury or the presence of an abrasion on his left arm. Plaintiff submits only a Medical Report of Injury, which notes the date of injury as the day after the incident at issue here and notes only redness on his left forearm. This report does not corroborate Plaintiff's claim that he sustained a four-inch abrasion to the left arm or that he suffered wrist pain and is continuing to suffer wrist problems.

Based on these factors, the undersigned finds that no reasonable juror could find that Defendant's two alleged shoves with no evidence of any injury attributable to Defendant was "repugnant to the conscience of mankind." Wilkins, 559 U.S. at 37-38. These factors support a finding that any force used by Defendant was de minimus.

**V. Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's motion for summary judgment (ECF No. 102) is GRANTED. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: June 6, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE