UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH LEROY MCCOY,<br><br>Plaintiff,<br><br>v.<br><br>J. RAMIREZ, et al.,<br><br>Defendants. | CASE NO. 1:13-cv-01808-MJS (PC)<br><br>**ORDER DIRECTING CLERK TO ASSIGN A DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS NON-COGNIZABLE CLAIMS**<br><br>**(ECF No. 31)**<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 102)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. (ECF No. 6.) Defendant Ramirez has appeared in the action and also has consented. (ECF No. 70.) The remaining defendants have neither appeared nor consented.The matter is before the Court following remand from the Ninth Circuit. (ECF No. 117.)

## I. Procedural History

Plaintiff initiated this action on November 8, 2013 with the filing of his initial complaint raising a litany of claims. (ECF No. 1.) The undersigned screened the complaint and dismissed it with leave to amend. (ECF No. 9.)

Plaintiff filed a first amended complaint on March 21, 2104. (ECF No. 10.) The undersigned concluded that the complaint stated a cognizable Eighth Amendment excessive force claim against Defendant Ramirez, but no other claims. (ECF No. 12.) Plaintiff was given a further opportunity to amend. He instead filed an unauthorized interlocutory appeal. (ECF No. 14.) That appeal was dismissed for lack of jurisdiction. (ECF No. 17.)

Plaintiff filed his second amended complaint on June 22, 2015. (ECF No. 31.) The undersigned once again screened the complaint. (ECF No. 33.) The undersigned found a cognizable Eighth Amendment excessive force claim against Defendant Ramirez, but no other cognizable claims. Service was initiated on Ramirez; the remaining claims were dismissed with prejudice for failure to state a claim. (Id.) Plaintiff again filed an unauthorized interlocutory appeal. (ECF No. 38.) That appeal, too, was dismissed. (ECF No. 44.)

On November 19, 2015, Ramirez sought an extension of time to file a responsive pleading and moved to revoke Plaintiff's in forma pauperis status. (ECF Nos. 47, 48.) The motion later was withdrawn (ECF No. 53), and, on February 18, 2016, Ramirez answered (ECF No. 57).

The matter proceeded to discovery. (ECF No. 58.) On April 1, 2016, Ramirez filed a motion for summary judgment on the merits of the claim. The undersigned denied the motion without prejudice under Federal Rule of Civil Procedure 56(d) to allow Plaintiff additional time to pursue discovery. (ECF No. 73.)

On March 15, 2017, Ramirez renewed his motion for summary judgment. (ECF No. 102.) On May 22, 2017, Plaintiff filed his opposition. (ECF No. 110.) On May 30,

2017, Ramirez filed his reply. (ECF No. 111.) On June 7, 2017, the undersigned granted the motion for summary judgment and the matter was closed. (ECF No. 112.)

Plaintiff appealed. (ECF No. 114.) On February 23, 2018, the Ninth Circuit vacated and remanded, stating:

> McCoy and defendant Ramirez consented to proceed before a magistrate judge. See 28 U.S.C. § 636(c). The magistrate judge, however, screened and dismissed claims against other named defendants in the action before those defendants had been served. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A. Because all parties, including unserved defendants, must consent to proceed before the magistrate judge for jurisdiction to vest, Williams v. King, 875 F.3d 500, 503-04 (9th Cir. 2017), we vacate the magistrate judge's orders and remand for further proceedings.

(ECF No. 117.)

The Ninth Circuit's mandate issued on March 19, 2018. (ECF No. 119.)

In light of the Ninth Circuit's remand order broadly vacating the undersigned's "orders" in this case, the Court must re-screen Plaintiff's pleading and must revisit the motions for summary judgment.

## II. Findings and Recommendations on Second Amended Complaint[1]

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

---

[1] Plaintiff's original complaint and first amended complaint were dismissed with leave to amend. Courts in this district have upheld a Magistrate Judge's authority to screen complaints, so long as any dismissal is not dispositive and leave to amend is granted. E.g., Robinson v. Adams, No. 1:08–CV–1380 AWI GSA PC, 2009 WL 1953167, at *1-2 (E.D. Cal. July 7, 2009). Williams did not address this issue. Accordingly, the Court does not read the Ninth Circuit's remand as vacating these earlier screening orders. In any event, as these complaints have been superseded by the second amended complaint, the merits of the claims as stated therein will not be addressed.

3

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**C.      Plaintiff's Allegations**

Plaintiff is incarcerated at Kern Valley State Prison. The acts giving rise to his complaint occurred at California Correctional Institution ("CCI") in Tehachapi, California.

He names the following defendants: Captain K. Allen, Lieutenant E. Coontz, Associate Warden J. Gutierrez, and Correctional Officers J. Ramirez and C. Riley.

His allegations may be summarized essentially as follows:

On July 10, 2013, Plaintiff was escorted to the prison law library, where he had a verbal disagreement with non-party Officer Cacciola. Defendants Ramirez and Mullins later approached the library to return Plaintiff to his cell but first stopped to converse with Officer Cacciola in Cacciola's office. When they came to escort Plaintiff, Mullins placed the handcuffs too tight. Plaintiff complained. Plaintiff exited the cell and Ramirez grabbed him and told him to "hold the fuck up." Plaintiff complied. Ramirez took out his baton and Plaintiff was escorted outside. Ramirez asked Plaintiff, "What the fuck is your problem? You have an attitude with my partner and you're suing Cacciola." Plaintiff tried to diffuse the situation because he had previously overheard Defendant Ramirez say he wanted to get into an altercation with an inmate so he could fake injury and get paid leave. Plaintiff assured the officers he didn't want any problems. Mullins stated, "I did not take it like you were mad or anything."

Plaintiff and Ramirez exchanged words and Ramirez told Plaintiff to shut up. Plaintiff complied. Ramirez shoved Plaintiff toward the building door but Plaintiff was able to avoid hitting the door. Plaintiff stumbled but caught his footing. Ramirez shoved Plaintiff again at the entrance to Plaintiff's housing section and Plaintiff was again able to avoid hitting the door. However, Plaintiff experienced pain in his left wrist and forearm. Plaintiff saw a nurse but was denied treatment. He had an abrasion and still has popping in his wrist.

Following this incident, Plaintiff filed grievances. Ramirez told staff about "the situation" so they would mistreat Plaintiff. As a result, Plaintiff had unspecified issues with staff. This led to a pretextual rules violation report, which was issued on September 6, 2013 and charged Plaintiff with destruction of property. The report was issued by non-parties Curliss and Morgan. Defendant Riley was assigned as Plaintiff's Investigative

Employee. Plaintiff rejected assistance from Riley because he believes Riley was conspiring with other staff against him. Riley told Plaintiff to write down his objections but never returned to pick them up.

Plaintiff sent his objections to Defendant Allen. He also wrote Defendant Coontz, the Senior Hearing Officer, to inform him Riley had fabricated his report. Although Plaintiff previously waived his presence at the hearing, he stated he would attend if Officers Riley and Curliss could be called as witnesses. Receiving no response, Plaintiff informed Coontz that he would not attend the hearing and would provide a written statement.

Riley wrote a falsified report regarding his investigation. Coontz refused to accept Plaintiff's written statement. Coontz found Plaintiff guilty and wrote false statements in his report of the hearing. The decision was authored by Coontz and was approved by Defendants Allen and Gutierrez. As a result of the guilty finding, Plaintiff lost electronic devices, canteen, and quarterly packages for 90 days, and also lost 90 days of good conduct credits. On September 27, 2013, his television, headphones, and audio/visual cable were confiscated as a disciplinary restriction and stored in storage.

Plaintiff appealed the disciplinary hearing and prevailed on due process grounds. He was issued a "reissue/rehear." The result of any rehearing is not stated. His confiscated items were eventually returned to him.

Plaintiff brings claims for excessive force and violation of due process.

**D.  Analysis**

   **1.  Excessive Force**

To state an excessive force claim, a plaintiff must allege facts to show that the use of force involved an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Whether the force inflicted unnecessary and wanton pain turns on whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley, 475 U.S. at 321.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id., at 9-10 (internal quotation marks omitted); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries).

Plaintiff alleges that while he was handcuffed behind his back, Defendant Ramirez, on two separate occasions, used his body weight to attempt to push Plaintiff into a door. Prior to this use of force, Defendant Ramirez stated he wanted to start an altercation with an inmate and told Plaintiff he was upset with him. During the escort, Plaintiff was compliant with all of Defendant Ramirez's orders. As a result of trying to swerve out of the way, Plaintiff's arm and wrist were permanently injured, and he sought out medical treatment, but no diagnosis was given. Accepting these allegations as true, as the Court must at the pleading stage, Plaintiff has sufficiently alleged the unnecessary and wanton infliction of pain and the malicious or sadistic use of force to cause harm. Plaintiff has stated a cognizable Eighth Amendment excessive force claim against Defendant Ramirez.

### 2. Due Process

The Court previously concluded that Plaintiff's due process claim was barred under Heck v. Humphrey, 512 U.S. 477, 486–87 (1994) and may only be brought in a habeas corpus proceeding. However, the law in this area has changed since the Court's

prior screening order. With respect to disciplinary proceedings, the Ninth Circuit has concluded that the mere fact that a disciplinary decision may be considered as a factor in denying parole is insufficient to confer habeas jurisdiction on the court. Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016). Thus, a prisoner serving an indeterminate sentence, who will not directly benefit from the restoration of good time credits, may be foreclosed from seeking habeas relief in relation to disciplinary proceedings. See id. at 928-29. Here, the Court has no information regarding Plaintiff's sentence. It is therefore unclear from the face of the complaint that the due process claim is Heck barred.

Nonetheless, the due process claim is not cognizable as pled. Even assuming Plaintiff suffered a violation of the procedural protections specified in Wolff v. McDonnell, 418 U.S. 539, 563-71(1974), he fails to state a due process claim because his guilty finding later was overturned. Plaintiff suffered no loss of credits as a result of the Defendants' conduct and his confiscated items were returned to him. Nor does Plaintiff specify and other loss attributable to the procedural defects in his RVR hearing. In these circumstances, Plaintiff has not suffered any actual injury as a result of the violation. E.g., Brown v. Marshall, No. CIV S-07-0956 MCE DAD P, 2012 U.S. Dist. LEXIS 27241 (E.D. Cal. Feb. 29, 2012) ("[P]laintiff's procedural due process claims related to either his first or second disciplinary proceedings have been rendered moot by the subsequent re-issuing and re-hearing of the rules violation charge against him"); Shotwell v. Brandt, No. C 10-5232 CW (PR), 2012 WL 6569402, at *3 (N.D. Cal. Dec. 17, 2012) (no due process violation where Plaintiff's RVR was ordered reissued and reheard, the plaintiff was found not guilty at the second hearing, and the plaintiff suffered no credit loss or any other punishment); see also Horne v. Coughlin, 155 F.3d 26, 31, n. 3 (2d Cir. 1998) (finding the plaintiff's due process claims with regard to his first hearing were rendered null after the findings and penalties were vacated and a new hearing ordered, and plaintiff suffered no loss of good time credits and no disciplinary record); Morissette v. Peters, 45

F.3d 1119, 1122 (7th Cir. 1995) (court found no injury after a due process violation in the plaintiff's first disciplinary proceedings was subsequently remedied on administrative appeal and plaintiff's sentence was adjusted so that he served no additional time in segregation); Young v. Hoffman, 970 F.2d 1154, 1156 (2d Cir. 1992) (rejecting the plaintiff's due process claims where he was granted a new hearing and was never penalized for the underlying charges); Harper v. Lee, 938 F.2d 104, 105 (8th Cir. 1991) (rejecting the plaintiff's due process claims after he was granted a new hearing to cure the procedural violations and suffered no harm as a result of the initial violations).

### E. Conclusion

Plaintiff's complaint states a cognizable excessive force claim against Defendant Ramirez. His due process claim is not cognizable as pled and should be dismissed with prejudice for failure to state a claim.

## III. Findings and Recommendations on Motion for Summary Judgment

As stated, the Ninth Circuit's remand order leaves the ruling on Defendant's motion for summary judgment in a state of doubt. The Court will therefore issue findings and recommendations on the motion. Plaintiff has filed an opposition. The motion is fully briefed and ready for disposition.

### A. Plaintiff's Allegations

As stated, on July 10, 2013, CO Ramirez escorted Plaintiff in handcuffs from the law library to his cell. During escort, CO Ramirez asked Plaintiff, "What the fuck is your problem? You have an attitude with my partner and you're suing Cacciola." Plaintiff attempted to defuse the situation by obeying orders, but CO Ramirez twice tried to push Plaintiff into a door, injuring Plaintiff's arm and wrist. Plaintiff saw a nurse for his injury and still has wrist problems.

### B. Legal Standards for Summary Judgment

Any party may move for summary judgment, and "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). If the movant will have the burden of proof at trial, it must demonstrate, with affirmative evidence, that "no reasonable trier of fact could find other than for the moving party." Id. at 984. In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." Id. (citing Celotex, 477 U.S. at 323). Once the moving party has met its burden, the nonmoving party must point to "specific facts showing that there is a genuine issue for trial." Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).

In ruling on a motion for summary judgment, a court does not make credibility determinations or weigh evidence. See Liberty Lobby, 477 U.S. at 255. Rather, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. Only admissible evidence may be considered in deciding a motion for summary judgment. Fed. R. Civ. P. 56(c)(2). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact

and defeat summary judgment." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).

**C. Undisputed Facts**

The facts underlying this action occurred while Plaintiff was housed at California Correctional Institution ("CCI") in Tehachapi, California, where Defendant CO Ramirez was employed as a CCI Correctional Officer. Decl. of J. Ramirez in Supp. of Def.'s Mot. Summ. J. (ECF No. 102-2) ¶ 1.

On July 10, 2013, CO Ramirez worked as an A-4 Search and Escort Officer. Ramirez Decl. ¶ 2. That morning, he and CO Mullins (not a party to this action) escorted Plaintiff from the law library back to his cell. Id. ¶ 2.

Per Defendant, CO Mullins placed Plaintiff in handcuffs prior to the escort, and CO Ramirez then held Plaintiff by the right bicep in order to begin the escort back to Plaintiff's cell. Ramirez Decl. ¶ 3. During the escort, Plaintiff used profanity and loudly complained that his handcuffs were too tight. Id. ¶ 4. CO Ramirez stopped to inspect Plaintiff's handcuffs. Id. After determining that there was sufficient space between the handcuffs, the officers continued the escort. Id. During the remainder of the escort, Plaintiff continued to use profanity to provoke CO Ramirez. Id. ¶ 5. When Plaintiff was returned to his cell, the handcuffs were removed. Id. ¶ 6. Following the escort, CO Ramirez drafted a General Chrono to document Plaintiff's incendiary behavior, which CO Ramirez construed as an attempt to instigate an altercation. Id. ¶ 7, Ex. A. Defendant denies using any force against Plaintiff during this escort. Id. ¶¶ 6, 8.

Per Plaintiff, CO Ramirez twice used his body weight to shove Plaintiff into a door. Sec. Am. Compl. ¶¶ 23-24. Each time, Plaintiff was able to avoid hitting the door and avoid falling. Id. As a result of this incident, Plaintiff claims that he experienced a sharp pain radiating from his left wrist into his left forearm. Id. ¶ 25. He also claims to have sustained a four-inch abrasion to the left arm and ongoing wrist pain and a popping sound in his wrist. Id. ¶¶ 29-30.

In support of his claim of injury, Plaintiff submits a Medical Report of Injury or Unusual Occurrence (a CDCR 7219 form) prepared by a CCI Registered Nurse. Pl.'s Opp'n, Ex. A. The report identifies the date of the cause of his injury as July 11, 2013, the day after the incident at issue here. Id. The nurse noted redness on Plaintiff's left forearm. Id. Notably, the nurse did not identify any abrasion, scratch, active bleeding, dried blood, cut, laceration, slash, or puncture on Plaintiff's left forearm. See id. There is also no mention of any wrist injury. See id.

### D. Discussion

The Eighth Amendment prohibits cruel and unusual punishment. "[T]he unnecessary and wanton infliction of pain...constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitely v. Albers, 475 U.S. 312, 319 (1986).

"The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)) (internal quotations omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than

the resulting injury which ultimately counts. Id. at 1178. Mere negligence is not actionable under § 1983 in the prison context. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

Defendant seeks summary judgment on the ground that the alleged use of force was de minimus.

Construing the facts in Plaintiff's favor, the evidence establishes that Defendant shoved Plaintiff twice into a door without provocation, but each time Plaintiff was able to avoid hitting the door or falling. Evidently the force used by Defendant was so minimal that a handcuffed inmate was twice able to avoid hitting anything or losing his footing. On these facts, the Court concludes that no reasonable juror would find that these two shoves were applied with anything more than a relatively small amount of force. See, e.g., Royal v. Knight, 2013 WL 6835188 (E.D. Cal. Dec. 20, 2013) (summary judgment entered for the defendant on excessive force claim based on a single de minimus shove that did not result in injury); Washington v. Duncan, 2011 WL 2020703 (N.D. Cal. May 24, 2011) (summary judgment entered for the defendant based on an excessive force claim that he shoved plaintiff against a fence causing plaintiff to bounce backwards).

. The nature and extent of Plaintiff's injuries must be considered in determining whether the evidence supports a reasonable inference that Defendant's alleged use of force was motivated by sadistic or malicious intent. Hudson, 503 U.S. at 7. While Plaintiff alleges that he suffered injuries as a result of these two shoves, there is no evidence linking those injuries to Defendant's conduct or even corroborating Plaintiff's claim of wrist injury or the presence of an abrasion on his left arm. Plaintiff submits only a Medical Report of Injury, which notes the date of injury as the day after the incident at issue here and notes only redness on his left forearm. This report does not corroborate Plaintiff's claim that he sustained a four-inch abrasion to the left arm or that he suffered wrist pain and is continuing to suffer wrist problems.

Based on these factors, the undersigned finds that no reasonable juror could find that Defendant's two alleged shoves with no evidence of any injury attributable to Defendant was "repugnant to the conscience of mankind." Wilkins, 559 U.S. at 37-38. These factors support a finding that any force used by Defendant was de minimus.

### E. Conclusion

Based on the foregoing, the Court will recommend that Defendant's motion for summary judgment be granted.

## IV. Conclusion and Recommendation

In sum, Plaintiff's second amended complaint states a cognizable Eighth Amendment due process claim against Defendant Ramirez, but no other cognizable claims. Additionally, Defendant Ramirez is entitled to summary judgment on the sole cognizable claim.

Accordingly, it is HEREBY RECOMMENDED that:

1. All claims alleged in the second amended complaint, other than the excessive force claim against Defendant Ramirez, be dismissed with prejudice and without leave to amend for failure to state a claim;
2. Defendant Ramirez's motion for summary judgment be granted;
3. Summary judgment be entered in favor of Defendant Ramirez; and
4. The action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of

rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   April 10, 2018       /s/ *Michael J. Seng*
                                                      UNITED STATES MAGISTRATE JUDGE